HARVEY *et al. v.* ALLEN.

An appeal bond duly executed under instructions from the ordinary and under like instructions transmitted· by mail to him from a distant county, and arriving at his post-office within four days from the rendition of the judgment of the court of ordinary appealed from, is sufficiently delivered, with reference to all duty in

that respect incumbent upon the appellant, whether the ordinary actually takes the bond from the post-office, approves it and files it in his own office within the four days or not. If he afterwards does so and transmits the appeal, the accrued costs having been paid within the four days on his draft, the statute touching appeals is substantially complied with, and the appeal should be entertained by the superior court, if free from any imperfection except the imputed imperfection of not being entered in due time. This is so although the appellant knew that the ordinary intended to be absent from his county at the time when the bond by due course of mail would arrive at his post-office, the appellant not procuring or causing such absence.     *Judgment reversed.*

April 2, 1894. Argued at the last term.

Appeal. Before H. T. LEWIS, judge *pro hac vice.* Putnam superior court. March term, 1893.

The appellee moved to dismiss the appeal, on the ground that it was not entered and filed with the ordinary within the time required by law. The motion was sustained. The case was tried in the court of ordinary of Putnam county on November 7, 1892. Appellants' counsel was told by the ordinary that he would draw on counsel for the cost, and that the ordinary would accept any appeal bond approved by the judge of Sumter county court. On November 8 the ordinary did draw on counsel for the cost, and the draft was paid on November 11. The ordinary left Putnam county for Atlanta on November 8, and did not return until the following Sunday, November 13. He had informed counsel of his intention to leave, but stated that counsel might send the appeal to him at Eatonton and he would have some one to receive it for him and file it. He did not mention that he had a clerk. On November 9 the appeal bond was executed, approved by the judge of Sumter county court, and sent by mail (registered letter) to "ordinary of Putnam county or his clerk," and the receipt for the letter, and the entries of filing and approval of the appeal bond, all dated November 11, 1892, were signed by the name of the ordinary; but

while the entry of approval and signature thereto written
on the face of the bond were in his handwriting, the
entry of filing in office was not in his handwriting, and
the signature thereto was in the handwriting of his
daughter. He had a clerk, appointed March 7, 1892,
for the special purpose of issuing marriage licenses.
This clerk gave no bond. He did not get the letter sent
by counsel. The ordinary's family got his mail in his
absence.

BUTT & LUMPKIN, for plaintiff in error.

W. B. & S. T. WINGFIELD and J. S. TURNER, contra.