## JOLLEY *et al. v.* RUTHERFORD.

1. It is essential to the filing of a paper in a clerk's office that the same be either lodged in his hands or with his knowledge placed in his office and under his charge. It was not, in the present case, affirmatively shown that the failure to file the defendants' answer was attributable to any fault on the part of the clerk.
2. When the plaintiff in an action upon a forthcoming bond showed a breach thereof, and proved by undisputed testimony that at the time the bond was executed the property therein described was worth more than the amount of his judgment under which it had been levied upon, it was not erroneous to direct a verdict in his favor for the amount of that judgment.

Submitted November 7, — Decided November 29, 1900.

Action on bond. Before Judge Clark. City court of Forsyth. July term, 1900.

*Stone & Williamson* and *Cabaniss & Willingham*, for plaintiffs in error. *Robert L. Berner*, contra.

LUMPKIN, P. J. At the trial term of this case in the court below, counsel for the plaintiff "moved to dismiss the plea and answer of defendants to said suit, on the ground that the written filing entered on the back of said plea did not appear to have been signed by the clerk" of the court. Exception is taken to the action of

the judge in holding that the answer of the defendants had not been duly filed, and that accordingly no issuable defense had been interposed.    The minutes of the court showed that at the appearance term the case had been called in its order and marked in default.    Counsel for the defendants nevertheless took the position that they were entitled to be heard upon the merits of their defense, for the reason that their answer had been duly deposited with the clerk " six days prior to the call of the appearance docket," and his omission to sign the written entry of filing appearing on the back of the answer could not justly be counted against them.    The court allowed the defendants to introduce testimony in support of this position. · Their attorney testified as follows :    After applying to the clerk for the original papers filed in the case by the opposite side, and being told that the same were not in the office but probably in the hands of the plaintiff or his counsel, " I then procured a copy of the suit served on one of the defendants, prepared this plea, attached same to the copy just as it appears, marked the filing on the back of the plea, carried same into clerk's office and threw them on the desk at which he sat writing; and I think I called his attention to it.    The entry of filing on back of the plea was made thereon on the date stated therein, and was there when I left the papers in the office."    The clerk was also sworn as a witness, and testified: Defendants' attorney " called on me for the original papers in the case.    They were not in the office.    Don't remember his leaving the copy suit and plea on my desk and that he called my attention to the same.    Will not swear he did not do so, for I do not remember.    If defendants' attorney had called my attention to the fact that there was a plea in the papers, I would have marked it filed.    I presume I would, as that is my custom.    When I found the papers in my office, plea was within them.    Can't say what day I came in possession of the papers and plea."

1. It is unquestionably true that the failure of a ministerial officer to faithfully perform the duties of his office should not be suffered to work injury to a party in nowise responsible for such neglect of duty.    See Civil Code, § 5125.    And causing a paper "to be actually placed in the hands of the clerk of a trial court within the time prescribed by law for filing the same in his office is all that is, in this respect, required of" a party.    *McDaniel* v. *Columbus Fertilizer Co.*, 109 *Ga.* 284.    But the defendants in the present

case did not come up to this reasonable requirement. At least, they failed utterly to show by the evidence upon which they relied that the failure of the clerk to file their answer was due to his and not to their counsel's neglect of duty. Their attorney was not prepared to swear affirmatively that, when he carried the papers into the "clerk's office and threw them on the desk at which he sat writing," his attention was called to the fact that within these papers was a plea which the defendants desired filed in his office. So far as appears, counsel chose to rely upon the assumption that the clerk would most probably, in the course of time, discover the presence upon his desk of a deserted bundle of papers left there by some person unknown, and would necessarily, upon examination of the same, bring to light a plea purporting to have been prepared in behalf of the defendants, and which, the officer would reasonably infer, they desired filed as of the date inserted in an unsigned entry of filing appearing on the back of the paper. As matter of fact, nothing of the kind occurred, and consequently the case was at the appearance term properly marked as being in default. We certainly are not prepared to hold that, under the circumstances disclosed by the testimony above set forth, the clerk was in anywise to blame for the result thus brought about, or chargeable with any neglect of duty whatsoever. It is scarcely reasonable to expect a clerk to duly file papers left upon his desk or elsewhere in his office, when his attention is not in some way directed to the fact that the person depositing them in or upon his office furniture wishes him to assume charge thereof and file the same.

It is to be noted, in this connection, that the defendants stood flatly upon their contention that, while their answer was not duly filed, the fault was not their own but that of the clerk. Had they, as would, it seems, have been proper, frankly admitted that the failure to file their answer was attributable alone to their counsel, and had they moved to open the default on the ground that his neglect was excusable, an entirely different question would have been presented to the trial judge. As it was, he was not called upon to decide whether the ends of justice required that the default be opened, but merely to pass upon the clean-cut question whether or not the clerk was solely responsible for the case being in default at the appearance term. We are entirely satisfied with the decision of the trial judge upon this question.

2. The action was one for damages alleged to have been sustained by reason of the breach of a forthcoming bond executed by the defendants. It was at the trial conclusively established that the property described in this bond had not been forthcoming at the proper time and place, and that the breach of the obligation in this respect assumed by the defendants was without legal excuse. A verdict in some amount in favor of the plaintiff was therefore demanded. Complaint is made, however, that the court committed error in instructing the jury "that, under the law applicable to said case and the evidence, it would be their duty to return a verdict for the plaintiff for the amount of his judgment, with interest from the date of such judgment." Doubtless, as counsel for the plaintiffs in error insist, "the measure of recovery in such cases is the value of the property at the date of the giving of the forthcoming bond, and not the amount of the judgment in the case," — when it calls for a sum in excess of the value of such property. But the instruction complained of was nevertheless appropriate in the present case, for there was uncontroverted testimony that "the property at the time of levy and giving of the bond was worth more than judgment," the judgment referred to being that of the plaintiff, and the obvious meaning of this testimony being that at the time indicated the property was worth more than the amount of that judgment.

There is clearly no merit in the general grounds of the defendants' motion for a new trial, for the evidence not only warranted but demanded the verdict.

*Judgment affirmed. All the Justices concurring.*