38517. WEATHERS *et al.*, Executors v. DOUGHTY.

Decided September 27, 1960.

*James L. Flemister*, for plaintiffs in error.

*Willingham & Gortatowsky, Julian E. Gortatowsky*, contra.

Nichols, Judge. On the hearing of the defendants' motion to have the motion for new trial filed nunc pro tunc, counsel for the defendants testified that he left the paper with Mrs. Sara Poole who said she would handle the filing for him, and that later he went back to her office and took the paper with him. Mrs. Poole testified that she took an oath as a deputy clerk in 1944, that she later took an oath as a special deputy marshal

and again took an oath as a deputy clerk in 1947, that she worked in the clerk's office as a deputy clerk for some time but was later assigned to Judge Henson (the trial judge who also issued the rule nisi), that she had no memory as to the matter under consideration, and that on occasion when she has marked a paper "filed" she always stamps the date on it, initials it and takes the paper to the docket clerk who enteres it on the docket. Mr. Hewitt Chambers, clerk of the trial court, testified: "The clerks of the judges have from time to time marked papers filed, and I have known about this, but I did not authorize this. I have authorized the front filing desk and the docket clerks to mark papers filed, and I have tried to keep it in the clerk's office downstairs. It is a much better practice to have all papers filed downstairs in the clerk's office."

Counsel for the defendants contends that a judgment granting the motion for the nunc pro tunc order was demanded inasmuch as he testified that he left the paper with Mrs. Poole and she, not remembering, did not dispute his testimony. Such contention is without merit. While Mrs. Poole testified that she had taken an oath as a deputy clerk in 1944 and again in 1947 there was no direct evidence that she, at the time of the purported tender, was a deputy clerk. She testified that after working in the clerk's office for a period of time she was assigned to Judge Henson. Mr. Chambers, the clerk of the court, referred to those persons serving in the capacity that Mrs. Poole served as "the clerks of the judges" and not as deputy clerks of the court. While Mrs. Poole testified that she had taken no further oath since taking the oath in 1947 as a deputy clerk this is not evidence that she still holds such position for it may well be, and this court cannot take judicial notice either way, that no oath is required of a judge's clerk in the Civil Court of Fulton County. If Mrs. Poole was the "Judge's Clerk," then leaving the motion for new trial with her would not be tantamount to filing it. See *New England Mortgage Sec. Co. v. Collins*, 115 Ga. 104 (2) (41 S. E. 270), where it was said: "The proper office in which to file a motion for a new trial is that of the clerk of the court in which the case was tried. This being so, merely leaving the motion in the office of the judge, under the care of his special bailiff, amounts to no filing at all."

Assuming but not deciding, that Mrs. Poole was a deputy clerk of the court, still the judgment of the trial court overruling the defendants' motion to file the motion for new trial nun pro tunc was authorized. According to the testimony of counsel for the defendants, he left the motion with Mrs. Poole as he was leaving the office of the judge who had issued the rule nisi, he later went back and, finding the motion on her desk, took it with him (presumably to serve counsel for the plaintiff). He also testified that he had left it with her so she could make a note and that she would handle the filing. Where counsel for a party litigant leaves a paper with a deputy clerk in a place outside the clerk's office to be filed and later returns and takes such paper without determining whether it has actually been filed and without the knowledge of the deputy clerk it cannot be said that a finding is demanded that such paper has been in fact filed as of the time when it was left with the deputy clerk so as to further demand that a motion be granted to have the paper marked filed as of such time when the paper was left with such deputy clerk.

The judgment overruling the motion to have a nunc pro tunc order entered was not error for any reason assigned.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*