## 46738. STATE OF GEORGIA v. JONES.

CLARK, Judge. The State Game and Fish Commission undertook condemnation ‚of a motor vehicle and firearm in Toombs County based upon apprehension of defendants accused of night deer hunting with the aid of a light in violation of *Code Ann.* § 45-529. The question for decision here is the timeliness of the filing of such condemnation complaint which was done by mail. The facts are recited in the trial court's opinion which we have adopted in toto.

Although defendants were found not guilty in the criminal action and their counsel thereby raised the constitutional validity of the provisions of subparagraph (e) of *Code Ann.* § 45-529 (Ga. L. 1955, pp. 483, 520, as amended) which provides that condemnation as an independent in rem civil proceeding could be undertaken despite the acquittal, the trial court did not find it necessary to deal with this.

The opinion of Superior Court Judge Walter C. McMillan, Jr. is as follows: "The complaint filed on behalf of the State Game and Fish Commission alleged that the defendant had committed certain illegal acts of hunting deer at night; that his motor vehicle and shotgun had been seized by the State Game and Fish Commission;

and that under the provisions of Ga. Code Ann. § 45-529 the same were subject to confiscation. The complaint alleges that the illegal hunting and the seizure of the property occurred on the night of October 28, 1970.

"The original complaint on file in the office of the Clerk of the Superior Court shows that it was filed on November 30, 1970.

"The defendant filed his motion to dismiss, alleging that the complaint was not filed within 30 days of seizure as required by Ga. Code Ann. § 45-529 (c) (Cumulative Pocket Part).

"Since the property was seized on October 28th, the last day for filing of the complaint would be Friday, November 27th.

"It appears by affidavit that the office of Clerk of the Superior Court was closed on Thanksgiving Day which occurred on Thursday, November 26th; that the office was also closed most of Friday, November 27th, and was closed on Saturday, November 28th, and Sunday, November 29th. It further appears that on Wednesday morning, November 25th, the Clerk posted on the door of his office a sign as follows: 'This office will be closed Thursday and Friday, November 26 and 27, 1970, for Thanksgiving. If you need to transact business in this office on these days, please contact the following: Fred Tippett, 537-2464 Jo G. Moore, 537-2131 Hazel R. Price, 526-6670 Fred'; and that this notice remained in place until Monday morning, November 30th; that the persons named in the notice were available and would have gone to the Clerk's Office for filing any documents if called, but that no such call was received by any of them relative to this case; that in fact one of the employees did go to the office to file a document in response to a telephone request on November 27th.

"It appears that the attorney for the plaintiff, at 4:50 p.m., on Wednesday, November 25, 1970, dispatched the envelope containing the complaint.

"The Clerk of the Superior Court removed mail from a

post-office box on Monday morning, November 30th, and carried the same, including subject envelope, to his office at the courthouse and marked subject complaint filed on November 30, 1970.

"Ga. Code Ann. § 45-529 (c) (Cumulative Pocket Part) provides: 'The director, within 30 days after the seizure of any vehicle . . . shall institute proceedings by petition in the superior court . . .' Ga. Code Ann. § 81A-105 provides: '. . . (d) All papers after the complaint required to be served upon a party shall be filed with the court within the time allowed for service. (e) The filing of pleadings and other papers with the court as required by these rules [this Title] shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.'

"The only exception to the filing of pleadings at the clerk's office, is that the judge may file papers and he shall transmit them to the clerk's office.

"Although the clerk's office was closed most of the day on Friday, November 27th (the last day for filing the complaint), it appears that if the plaintiff had gone to the clerk's office on that day, he may have found the employee who had gone there on request, or at any rate, he would have found the note on the door directing whom he should call, and it appears that if he had selected this method of transmitting his complaint he could have had it filed on that day. However, the plaintiff chose to use the U. S. Mail and the complaint was not carried all of the way to the clerk soon enough.

"There is no direct testimony as to when subject complaint was placed in the clerk's post-office box or even when it arrived in Lyons.

"When the plaintiff selected the U. S. Mail as his agency to transmit the complaint to the clerk, the U. S. postal employees became his messengers, and plaintiff took all the risks that were usually incident to the business in

which these messengers are thus engaged. See Griffith v. Mitchell, 117 Ga. 476; and Broussard v. Brandenberg, 8 Ga. App. 795. In the Griffith case briefs were deposited in the mail in time to have reached the clerk before the case was called, and they did reach the Atlanta post-office, but the appeal was dismissed because the brief had not reached the clerk. Also see Norrell v. Morrison and Lemley v. Morrison, 99 Ga. 317.

"Harvey et al. v. Allen, 94 Ga. 454, can be distinguished from the present case in that in that case the ordinary instructed the attorney to use the mail and said that he would have someone receive the appeal and file it.

"In Griffith v. Mitchell, 117 Ga. 476, the court stated that the ruling made in Harvey v. Allen, 94 Ga. 454, will not be extended beyond the peculiar facts of that case.

"Wooten et al. v. State of Georgia, Ex. Rel. Bagby, Director, 118 Ga. App. 366, holds that 'there can be no substantial compliance with the requirement that the proceeding be instituted within 20 days [now 30 days] after seizure.' It is instituted within that time or it is not.

"Therefore, I hold that the complaint was not filed within 30 days after seizure and the defendant's motion to dismiss the complaint is hereby granted and said complaint is dismissed. Cost shall be paid by the plaintiff."

In addition to the citations contained in the foregoing opinion of Judge McMillan, we note the unanimous decision of the Supreme Court of Georgia in *Farr v. State,* 112 Ga. 540 (37 SE 880). There it is stated "It must be held that such counsel took the risk of delays in the mail." Although this dealt with the then Supreme Court rules, we note this to be the earliest unanimous decision of our Supreme Court and therefore regard it as a binding precedent and controlling. *Perry v. Perry,* 212 Ga. 668 (95 SE2d 2).

Able counsel for the appellant argue that *Code Ann.* § 81A-105 (e) of our Civil Practice Act is identical with Rule 5 (e) of the Federal Rules of Civil Procedure and

rely heavily on Johansson v. Towson, 177 F.Supp. 729. There it was held by the U. S. District Court for the Middle District of Georgia that a paper was validly filed when it had been delivered to the mail box of the clerk's closed office several hours before the running of the statute of limitation even though actual receipt by the clerk did not take place until two days later. The authorities on Federal practice, however, point out that the decided cases indicate that the question of "filing" might be decided on the basis of the context in which the question arises and the good faith of the filing party. Accordingly, they point out that personal delivery to the clerk or to the judge or to the clerk at his home if the office is closed is the better practice. See Wright & Miller, Federal Practice & Procedure: Civil, p. 559, § 1153; 2 Moore's Federal Practice, p. 1391.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*
ARGUED JANUARY 5, 1972—DECIDED JANUARY 25, 1972.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., Carl C. Jones, III, Assistant Attorneys General,* for appellant.
*Alvin L. Layne,* for appellee.