### 57654. KIGHT v. WATTS et al.

SHULMAN, Judge.

Plaintiff-appellant brought suit against defendants-appellees for damages allegedly sustained in an automobile collision with defendants on April 10, 1975. While plaintiff's complaint was mailed to the Clerk of the Superior Court of Camden County on April 8, 1977, it was not marked filed until April 11, 1977.

The trial court granted defendant's motion for a partial summary judgment on the grounds that the statute of limitations on plaintiff's claims arising from personal injury had run at the time of the filing of plaintiff's complaint. On appeal, we affirm.

The issue of whether or not plaintiff's complaint was timely filed is controlled by this court's decision in *State of Ga. v. Jones,* 125 Ga. App. 361 (187 SE2d 902), wherein it was held under similar facts that a complaint was not timely filed. Although the court recognized that the complaint may have been placed in the clerk's post office box prior to the expiration of the time for bringing suit, the court held that as "[t]here [was] no direct testimony as to when subject complaint was placed in the clerk's post-office box or even when it arrived in [the city]." (id., p. 363), the date of the clerk's filing must be controlling.

In the case at bar, plaintiff's complaint was marked filed by the clerk outside the statutory filing period. Thus, as plaintiff's complaint was filed subsequent to the expiration date of the requisite statute of limitations for personal injury actions, she is not entitled to recover for her claims based on personal injury.

Appellant's contentions to the contrary notwithstanding, the statute of limitations for personal injury claims is not extended by the fact that the last day for bringing suit falls on a Saturday or Sunday. *Veal v. Paulk,* 121 Ga. App. 575 (1) (174 SE2d 465); *Davis v. U. S. Fidelity &c. Co.,* 119 Ga. App. 374 (167 SE2d 214).

As appellant's complaint was not timely filed in regard to claims based on personal injury, the court properly granted defendant's motion for partial summary judgment.

*Judgment affirmed. Deen, C. J., and McMurray,*

*P. J., concur.*

Argued April 11, 1979 — Decided July 12, 1979.

*Bonzo C. Reddick,* for appellant.
*Dickey, Whelchel, Miles & Brown, J. Thomas Whelchel, Richard A. Brown, Jr.,* for appellees.