## 65394. FORSYTH v. HALE et al.

CARLEY, Judge.

Appellant-plaintiff was injured in an automobile collision which occurred on June 6, 1980. On Friday, June 4, 1982, an agent in the employ of appellant's attorney in Atlanta was instructed to hand deliver appellant's complaint to the Clerk's Office of the Lee County Superior Court for filing. En route, the agent stopped and called the clerk's office concerning his mission. The deputy clerk, Ms. Nix, informed the agent that the clerk's office would be closed by the time he reached Leesburg, the county seat of Lee County. However, Ms. Nix instructed the agent to leave appellant's complaint in the sheriff's office and that, under those circumstances, she would accept the complaint as delivered for filing on June 4, 1982. After speaking with the agent, Ms. Nix went to the sheriff's office and advised that a complaint was being delivered and that it had been accepted by her as filed on June 4, 1982. Ms. Nix further requested that the sheriff's office hold the complaint for her until Monday, June 7, 1982.

Acting on his instructions from Ms. Nix, the agent proceeded to Leesburg and arrived there at approximately 6 p.m. The agent personally handed appellant's complaint to the deputy sheriff on duty in the Lee County Sheriff's Office. The deputy sheriff accepted the complaint on behalf of the clerk of the superior court. On June 7, 1982, Ms. Nix received appellant's complaint from the sheriff's office. According to what Ms. Nix admitted was an "error" on her part, she "inadvertently stamped it as being filed June 7, 1982 instead of June 4, 1982."

Appellees Hale and Thomas answered the complaint, raising the statute of limitations as one of their defenses. Appellees then moved to dismiss appellant's complaint as having been filed after the running of the applicable two-year statute of limitations. In response, appellant moved for an order directing the clerk of the court to correct the "clerical error" with regard to the complaint's filing date, changing it from June 7 to June 4, 1982.

The trial court conducted a hearing on the two motions. Afterwards, the trial court entered its order, containing the following relevant language: "In the absence of known specific statutory or case authority authorizing such procedure, this Court must conclude that the actual filing of the papers did not take place until June 7, 1982, when the Complaint was delivered by the Deputy Sheriff to the Deputy Clerk. It follows that the Clerk acted correctly in marking the papers to show that the actual filing was accomplished on June 7, 1982." Accordingly, the trial court denied appellant's motion to correct the "erroneous" filing date of the complaint and granted

appellees' motion to dismiss based upon the statute of limitations. Appellant appeals from the order denying his motion and dismissing his complaint.

"A civil action is commenced by filing a complaint with the court." OCGA § 9-11-3 (Code Ann. § 81A-103). "The filing of pleadings and other papers with the court as required by this chapter shall be made by filing them with the clerk of the court . . ." OCGA § 9-11-5(e) (Code Ann. § 81A-105). "[T]he endorsement of the clerk as to the date of filing is the best evidence of the filing of such paper. But this is not necessary to the act of filing. The written memorandum of the clerk is but the evidence of delivery to him of the paper intended to be filed . . . The actual date of filing is the date upon which the paper is handed to the clerk to be filed. [Cits.] . . . [T]here is a presumption of law that this entry of filing by the clerk is correct, and so long as it remains unchallenged it is presumed to be correct. [Cit.] The entry of filing is presumed to be correct, until the contrary is shown. [Cit.] Presumptions in favor of the correctness of such entries are rebuttable; but they are conclusive, unless properly traversed. [Cits.]" *Brinson v. Ga. R. Bank & Trust Co.,* 45 Ga. App. 459, 461 (165 SE 321) (1932). Accordingly, the issue for resolution in the instant case is whether the presumption that appellant's complaint was filed on June 7, 1982, was rebutted and whether a correct filing date of June 4, 1982, was shown instead.

The trial court's observation that there is no "known specific statutory or case authority" authorizing the procedure followed in the instant case is correct. "It is essential to the filing of a paper in a clerk's office that the same be either lodged in his hands or with his knowledge placed in his office and under his charge." *Jolley v. Rutherford,* 112 Ga. 342 (1) (37 SE 358) (1900). "There is only one way in which to file a paper in the superior court, and that is, by depositing it with the clerk, who is the legal custodian of the paper. [Cit.]" *Hilt v. Young,* 116 Ga. 708, 709 (43 SE 76) (1902). "[P]ersonal delivery to the clerk or to the judge or to the clerk at his home if the office is closed is the better practice. [Cits.]" *State of Ga. v. Jones,* 125 Ga. App. 361, 365 (187 SE2d 902) (1972).

In the instant case, it is clear that appellant's complaint was not placed into the actual hands of the clerk until June 7, 1982. It is also clear that the complaint was not left in the clerk's office on June 4, 1982. However, the "better practice" is not necessarily the only acceptable one. "[T]he decided cases indicate that the question of 'filing' might be decided on the basis of the context in which the question arises and the good faith of the filing party." *State of Ga. v. Jones,* supra at 365 (discussing federal cases). It is clear and undisputed that neither personal delivery to the clerk nor physical

delivery to the clerk's office was accomplished on June 4, 1982, solely because the deputy clerk authorized the complaint to be "filed" on that date by leaving it with the deputy sheriff. When she was originally called concerning the filing of appellant's complaint and apprised the agent that the office would be closed when he arrived, the deputy clerk could have agreed to accept the complaint for filing that evening at her house. See generally *Larsen v. Larsen,* 224 Ga. 112 (1) (160 SE2d 383) (1968). Or the deputy clerk could have agreed to remain at her office until the complaint was delivered or have agreed to return to the office at that time. See generally *State of Ga. v. Jones,* supra. Presumably one or more of these "better practices" would have been suggested or attempted by the agent had the deputy clerk not specifically authorized the filing procedure actually followed in the instant case. Accordingly, the issue becomes whether, instead of one of the "better" methods, compliance with the deputy clerk's suggested procedure of delivery of appellant's complaint to the deputy sheriff was a sufficient filing with the clerk as of June 4, 1982.

"[T]he duties of the clerk relating to the filing of complaints are ministerial in nature ..." *Orr v. Culpepper,* 161 Ga. App. 801, 804 (288 SE2d 898) (1982). "It is the official duty of the clerk of a court to file all papers in a cause presented by the parties, and to mark them filed, with the date of filing. [Cits.]" *Brinson v. Ga. R. Bank & Trust Co.,* supra at 460. " 'A paper is said to be filed, when it is delivered to the proper officer, and by him received, to be kept on file.' [Cits.]" *Jordan v. Bosworth,* 123 Ga. 879, 880 (51 SE 755) (1905). " '[D]elivery is largely a question of intention,' and this is especially true as to constructive delivery." *Reserve Loan Life Ins. Co. v. Phillips,* 156 Ga. 372, 376 (119 SE 315) (1923). In the instant case, it was the deputy clerk, the official charged with the duty of filing documents, and not appellant who chose the filing procedure and it is clear that the deputy clerk "intended" that the act of delivery to the deputy sheriff constitute delivery of the complaint to her for filing as of June 4, 1982. Compare *State of Ga. v. Jones,* supra; *H. R. Lee Investment Corp. v. Groover,* 138 Ga. App. 231 (225 SE2d 742) (1976).

Moreover, the deputy clerk acknowledges that, appellant having complied with the suggested procedure for filing of the complaint, she erred in failing to mark it filed as of June 4, 1982. Compare *Jolley v. Rutherford,* supra; *Brinson v. Ga. R. Bank & Trust Co.,* supra; *Weathers v. Doughty,* 102 Ga. App. 460 (116 SE2d 521) (1960). Under similar circumstances, it has been held that compliance with the filing procedure suggested by the appropriate official would be a sufficient delivery for purposes of filing. "An appeal bond duly executed *under instructions* from the ordinary and *under like instructions* transmitted by mail to him from a distant county, and

arriving at his post-office within four days from the rendition of the judgment of the court of ordinary appealed from, *is sufficiently delivered,* with reference to all duty in that respect incumbent upon the appellant, whether the ordinary actually takes the bond from the post-office, approves it and files it in his own office within the four days or not. If he afterwards does so and transmits the appeal, . . . the statute touching appeals is substantially complied with, and the appeal should be entertained by the superior court, if free from any imperfection except the imputed imperfection of not being entered in due time. *This is so although the appellant knew that the ordinary intended to be absent from his county at the time when the bond by due course of mail would arrive at his post-office, the appellant not procuring or causing such absence."* (Emphasis supplied.) *Harvey v. Allen,* 94 Ga. 454-455 (19 SE 246) (1894). If the appellant in *Harvey* was entitled to rely upon the official's representation that receipt certain at his post-office by a certain day would be considered as a timely filing, we know of no reason why appellant in the instant case should not be entitled to rely upon the official's representation that delivery and receipt of the complaint in the office of the deputy sheriff on June 4, 1982, would constitute a timely filing as of that date. While the ruling in *Harvey* "will not be extended beyond the peculiar facts of that case," *Griffith v. Mitchell,* 117 Ga. 476, 480 (43 SE 742) (1903), where, as here, substantially the same "peculiar facts" exist, we do not view reliance upon *Harvey* as an extension of its holding. Compare *State of Ga. v. Jones,* supra. Accordingly, we hold that where the undisputed evidence shows a timely and good faith compliance with the uncontroverted "intention" of the appropriate official that certain specified actions shall constitute the delivery to and receipt by him of papers for filing, the papers are to be considered filed as of the date of the compliance with that expressed intention. *Harvey v. Allen,* supra. Under the undisputed evidence in the instant case there was a timely and good faith compliance on June 4, 1982, with the deputy clerk's uncontroverted intention that the act of delivery of appellant's complaint to the deputy sheriff would constitute delivery to and receipt by her for purposes of filing. Accordingly, the correct filing date under these "peculiar facts" is June 4, 1982.

Ms. Nix has unequivocally declared that appellant's complaint was inadvertently stamped with the wrong filing date and that this was error on her part. Her "failure in this respect, being in no way attributable to any fault or omission of duty on the part of counsel, should not be permitted to work any injury to [appellant]. [OCGA § 9-10-133 (Code Ann. § 81-1205)] declares that: 'The mistake or misprision of a clerk or other ministerial officer shall in no case work

to the injury of a party, where by amendment justice may be promoted.' The spirit, if not the letter, of this section is certainly applicable to a case like the present." *McDaniel v. Columbus Fertilizer Co.,* 109 Ga. 284, 286 (34 SE 598) (1899).

The trial court erred in failing to grant appellant's motion to direct the clerk to change the "clerical error" regarding the filing date of the complaint and in granting appellees' motion to dismiss the complaint based upon the statute of limitations.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 5, 1983—
REHEARING DENIED APRIL 20, 1983 — ▮▮▮▮▮▮▮

*Faye D. Levine,* for appellant.
*William E. Cannon, Jr., Eugene C. Black, Jr.,* for appellees.