74693. LAVAN et al. v. PHILIPS.

(362 SE2d 138)

BENHAM, Judge.

Appellants and appellee were involved in a collision on December 25, 1982. In a complaint stamped "Filed" on December 26, 1984, appellants sought damages for personal injuries allegedly suffered in the collision, and loss of consortium. The trial court granted appellee's motion to dismiss appellants' personal injury claims on the ground that the statute of limitation had expired before appellants filed suit, and directed the entry of a final judgment as to that issue. See OCGA § 9-11-54 (b). This direct appeal followed. See *Wills v. McAuley*, 166 Ga. App. 4 (1) (303 SE2d 26) (1983).

"Actions for injuries to the person shall be brought within two years after the right of action accrues. . . ." OCGA § 9-3-33. The statute of limitation commenced on the day of the collision, and expired on December 24, 1984. *Reese v. Henderson*, 156 Ga. App. 809 (275 SE2d 664) (1980); *Dowling v. Lester*, 74 Ga. App. 290 (1) (39 SE2d 576) (1946). As noted above, the clerk marked the complaint as filed on December 26, 1984, after the statute of limitation had expired. Appellants contend that the stamped date is not controlling because the pleading was delivered to the clerk prior to the expiration of the statute of limitation. In response to appellee's motion to dismiss, appellants presented various affidavits which established that: at the suggestion of a deputy clerk of the Superior Court of Hall County, appellants' complaint was sent by Express Mail at 7:20 p.m. on Thursday, December 20, 1984, to the post office box designated by the office of the Clerk of the Superior Court of Hall County as the official receptacle for the receipt of pleadings and correspondence; the envelope so mailed was received and attempted delivery made at the clerk's post office box at 7:30 a.m. on Saturday, December 22; although the post office was open on Monday, December 24 from 8:30 a.m. until 5:00 p.m., the envelope was not picked up by an agent of the clerk's office until 8:55 a.m., Wednesday, December 26; while it was the routine and regular practice of the clerk's office to daily pick up mail delivered to the post office box and stamp the documents contained therein as received, the mail was not picked up from the post office box on December 24, 1984. After conducting a hearing on appellee's motion to dismiss, the trial court found that the clerk's office closed at 5:00 p.m. Friday, December 21, for a long holiday weekend and did not reopen until 8:00 a.m. Wednesday, December 26. The trial court dismissed the personal injury claims after concluding that appellants assumed "all risks that delays in the mails" would result in untimely filing and did not exercise such due diligence as to enable them to invoke the spirit of OCGA § 9-10-133.

"The actual date of filing is the date upon which the paper is

handed to the clerk to be filed. [Cits.]" *Brinson v. Ga. R. Bank & Trust Co.*, 45 Ga. App. 459, 461 (165 SE 321) (1932). See also *Forsyth v. Hale*, 166 Ga. App. 340, 341 (304 SE2d 81) (1983). The clerk's endorsement as to the date of filing is the best evidence of the filing of such paper, and is presumed correct as long as it is not challenged. Id. However, the clerk's endorsement is not a necessary prerequisite to filing, but only evidence of delivery of the paper intended to be filed to the clerk. Id. "So, where a [pleading] has been delivered for filing to the clerk, it will be deemed filed even though that officer fails to make the proper entry of filing thereon. [Cit.]" *Brinson*, supra at 461.

Appellants presented direct testimony challenging the presumption that the complaint was delivered to the clerk for filing on the date on which the clerk endorsed it. Compare *Kight v. Watts*, 150 Ga. App. 694 (258 SE2d 323) (1979); *State of Ga. v. Jones*, 125 Ga. App. 361, 363 (187 SE2d 902) (1972). That evidence reflects that the complaint was delivered to the official receptacle of the clerk's office on a Saturday, a day on which it is assumed the clerk's office would be closed, and that it remained in the official receptacle through Monday, December 24, a day on which, according to the trial court's order, the clerk's office remained closed. The clerk's office continued to be closed on Tuesday, December 25, Christmas Day, a public and legal holiday. OCGA § 1-4-1.

The county courthouse and the county offices maintained therein are statutorily-mandated to remain open to transact the public's business "during normal working hours," defined as "a minimum of 40 working hours during each calendar week, except for those weeks during which public and legal holidays, which are recognized and designated as such by Georgia law or by the governing authority of the county, are observed." OCGA § 36-1-12. Monday, December 24, was not a public and legal holiday as designated by statute (see OCGA § 1-4-1), and there is no evidence contained in the record that the governing authority of Hall County had designated the day as a public and legal holiday. There is no evidence of record that the clerk's office had posted notice of its intent to be closed on a non-holiday (compare *State of Ga. v. Jones*, supra), or that its employee had so informed appellants' agent when she called and mentioned that the statute of limitation on the case would expire in a matter of days.

We recognize and continue to adhere to the principle that one who selects the United States Postal Service as an agent to transmit a complaint to a clerk assumes "all the risks that [are] usually incident to the business" of mail delivery. *State of Ga. v. Jones*, supra at 363. While appellants did assume the risks connected with mail delivery, it is undisputed that the complaint timely reached the confines of the clerk's post office box. It was not the action of the postal service selected by appellants that denied them the last day of the applicable

statute of limitation; rather, it was the office of the clerk that did so by being closed on a weekday not a public and legal holiday. Had the clerk's office been open and had the clerk followed the avowed "routine and regular practice of the office to pick up mail daily and mark it as having been received," appellants' complaint would have been endorsed as timely filed. Inasmuch as it is undisputed that the error was the clerk's and was not attributable to appellants or their counsel (see *Sanders v. Williams*, 73 Ga. 119 (1884)), and that the clerk's endorsement of December 26, 1984, did not accurately reflect the actual filing date of December 24, the trial court should have ruled the complaint timely filed and denied the motion to dismiss.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED OCTOBER 19, 1987.

*William J. McKenney, David M. Kupsky*, for appellants.
*B. Andrew Prince*, for appellee.