A94A0834. STEPHENS v. ESPY.
(445 SE2d 292)

POPE, Chief Judge.

Plaintiff in this medical malpractice action appeals the trial court's dismissal of her action for failure to file her complaint within the applicable two-year limitation period. See OCGA § 9-3-71 (a).

Defendant was allegedly negligent in performing surgery on December 27, 1990. On December 21, 1992, plaintiff's complaint was ready to be filed in the Cobb County Superior Court. Janet W. Prince, an employee of plaintiff's counsel, called the Cobb County Superior Court Clerk, told him that she had a complaint to file and asked where it should be mailed. The clerk instructed her to mail it to his official address: Superior Court Clerk's Office, 32 Waddell Street, Marietta, Georgia, 30090. Prince mailed the complaint to that address by Express Mail on December 21, 1992. The following day she verified with the post office that the package had in fact been delivered; and

she subsequently received a proof of delivery form, which is included in the record, showing that the package was delivered and signed for by "P. Millsapp" on December 22, 1992, well within the limitation period. Jay C. Stephenson, the superior court clerk, testified that mail sent to his official address actually goes to a county mail room, where it is collected and periodically picked up by his employees. For some reason, however, plaintiff's complaint, which was delivered on December 22, 1992, was not marked as filed by the clerk's office until December 30, 1992.

Plaintiff argues that the trial court erred in dismissing her action as untimely, and we agree. See *Lavan v. Philips,* 184 Ga. App. 573 (362 SE2d 138) (1987). In *Lavan,* it was undisputed that a complaint was delivered to the clerk's official receptacle for the receipt of mailed pleadings (in that case a post office box) in time to be picked up by an agent of the clerk's office before the limitation period ran, but it was not picked up until after the period ran because the clerk's office failed to pick up its mail on a day which was not a public and legal holiday. Under these circumstances, we reversed the trial court's dismissal of the action, holding that even though the plaintiff's complaint was stamped "filed" on December 26, a day after the limitation period had run, the trial court should have deemed the complaint filed on December 24, the regular working day on which it should have been picked up from the post office box. Id. at 573-575.

As in *Lavan,* it is undisputed that plaintiff's complaint in this case was received in the clerk's official receptacle for the receipt of mailed pleadings in plenty of time for it to be picked up and stamped as filed before the limitation period ran. We therefore hold, as we did in *Lavan,* that the trial court erred in accepting the stamped file date as the conclusive filing date and in dismissing the action as untimely.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 26, 1994 —
RECONSIDERATION DENIED JUNE 20, 1994 — 

*B. Andrew Prince,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Lance D. Lourie, Neal H. Howard,* for appellee.