## A94A2115. JEFFERSON v. THE STATE.

(454 SE2d 632)

POPE, Presiding Judge.

On April 23, 1993, defendant Eric Keith Jefferson was indicted for rape. Defendant pled not guilty, and a jury trial took place on September 28-30, 1993. During the trial, after the close of evidence, but before the jury returned its verdict, defendant pled guilty to the lesser offense of aggravated assault with intent to rape. On September 30, 1993, he was sentenced to serve five years in prison, with credit for time served, said sentence to run concurrently with a five-year sentence which he had received in another case. Subsequently, defendant moved to withdraw his guilty plea, and it is from the denial of this motion to withdraw that defendant appeals.

1. In his first enumeration, defendant contends that the trial court erred in holding that defendant's motion to withdraw his plea was untimely because it was not filed during the term in which the trial court accepted defendant's plea. We agree. The record in this case demonstrates that defendant, who was incarcerated at the time, sent his motion to withdraw the plea to the Clerk of the DeKalb Superior Court by registered mail, return receipt requested. The receipt that was returned to defendant shows that his motion to withdraw the plea was received by an agent of the clerk's office in the county mail room on October 27, 1993, which was two days before the end of the term. The clerk's office normally collected its mail from the mail room on the same day in which the mail was delivered. In this case, however, defendant's motion to withdraw his plea was not stamped "filed" by the clerk's office until November 1, 1993, five days after it was delivered. There is no explanation in the record for the cause of the delay in date-stamping defendant's motion. Based on the above, we hold that the trial court should have deemed defendant's motion filed on October 27, 1993, because the motion was received in plenty of time for it to have been picked up and stamped "filed" before the end of the term in which defendant entered his guilty plea. See *Stephens v. Espy*, 213 Ga. App. 580 (445 SE2d 292) (1994); *Lavan v. Philips*, 184 Ga. App. 573 (362 SE2d 138) (1987). Nonetheless, we conclude this error is harmless because the trial court did in fact hold a hearing on the merits of defendant's motion on February 17, 1994.

2. In his second enumeration, defendant contends that the trial court erred in denying his motion to withdraw his plea because at the time the trial court accepted the plea the trial court did not make a factual finding on the record that there was a basis for the plea. We reject this contention. It is not necessary that a trial court affirmatively state on the record that it is satisfied that a factual basis for defendant's guilty plea exists as long as there is evidence that the trial court is aware of the factual basis. *Holman v. State*, 202 Ga.

App. 57 (413 SE2d 234) (1991). Here, defendant entered his guilty plea to a lesser included offense of rape after his case had been entirely tried before a jury, but before the jury had finished deliberating. Therefore, the trial judge in this case knew more about the facts of the case than a judge ordinarily taking a plea knows. Moreover, upon review of the record evidence, particularly the trial transcript, it is clear that a factual basis existed for the trial court's acceptance of defendant's plea.

3. In his final enumeration of error defendant argues that the State failed to carry its burden of proving that defendant's plea was voluntarily and intelligently made, and thus, that the trial court erred in denying defendant's motion to withdraw his plea. This argument is meritless. Before the trial court accepted defendant's guilty plea the State questioned defendant under oath. Defendant stated that he could hear and understand the State's statements and questions, that he was not under the influence of drugs or alcohol, and that his lawyer had explained the charges against him. Defendant also stated that he understood the rights he was giving up by pleading guilty, including the right to a jury trial, the right to counsel, the right to the presumption of innocence and the right not to incriminate himself. He admitted that no threats or promises had been made to influence his decision to plead guilty. Moreover, defendant admitted that he had thoroughly discussed his case with his lawyer and that he was satisfied with the services and advice given to him by his lawyer. Additionally, defendant said that he understood that the State was recommending that defendant be sentenced to five years in prison for aggravated assault with intent to rape and that the sentence should run concurrently with the five-year sentence he received in another case. Defendant also said he understood that the trial court was not bound to follow the State's recommendation and that the trial court could impose the maximum sentence for aggravated assault, which was 20 years.

Defendant then pled guilty to, and confessed that he was guilty of, the offense of aggravated assault with intent to rape. Thereafter, defendant specifically stated that he understood all the questions asked of him and that he had given truthful answers to the questions. Defendant then signed a plea form which verified the information set forth above. The trial court accepted defendant's plea and sentenced defendant in accordance with the State's recommendation. Defendant also was given credit for time served.

"After pronouncement of sentence, a ruling on a motion to withdraw a plea of guilty is within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion." (Citation and punctuation omitted.) *Threatt v. State*, 211 Ga. App. 630, 631 (440 SE2d 61) (1994). Based on the above, we conclude that

the trial court did not manifestly abuse its discretion in this case. Therefore, we affirm the trial court's denial of defendant's motion to withdraw his plea.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 28, 1995.

*King & King, David H. Jones, John C. Leggett,* for appellant.
Eric K. Jefferson, *pro se.*
*J. Tom Morgan, District Attorney, J. Michael McDaniel, Barbara B. Conroy, Assistant District Attorneys,* for appellee.