S08A0549, S08A0550. WALL et al. v. THURMAN (two cases).
(661 SE2d 549)

SEARS, Chief Justice.

This appeal stems from an action brought by appellant Marshall Wall in Lee County Superior Court against the appellee, Judge James Thurman, a magistrate judge in Lee County. Wall alleged that, during a warrant-application hearing, Judge Thurman violated his constitutional rights and issued bond conditions that were beyond Judge Thurman's jurisdiction. Wall was, and still is, represented by appellant James Finkelstein. In Case No. S08A0549, the appellants appeal from, among other things, orders of the trial court denying the appellants' motion to recuse the trial court, dismissing Wall's action, ruling that Finkelstein was liable for the appellee's attorney fees, and restricting Finkelstein's ability to practice law. In Case No. S08A0550, the appellants appeal from an order setting the amount of attorney fees. For the reasons that follow, in Case No. S08A0549, we affirm the trial court's judgment in part and reverse it in part, and in Case No. S08A0550, we reverse.

1. Wall filed his complaint in December 2006, and filed a voluntary dismissal of his action on May 17, 2007.[1] The trial court's orders that are the subject of these appeals were entered on August 21, August 24, and October 8, 2007. The appellants contend that the trial court was without authority to enter these orders. The appellants reason that, once Wall had voluntarily dismissed his action on May 17, 2007, the trial court was deprived of jurisdiction to take any further action in the case with the exception that, under OCGA § 9-15-14 (b),[2] the trial court had 45 days, or until July 2, 2007, in which to enter an order on attorney fees.

We conclude that the trial court had the authority to enter the orders in question. In numerous cases, we have held that, under our voluntary dismissal statute, OCGA § 9-11-41 (a), a trial court's announcement of its decision on the merits of the case precludes a voluntary dismissal.[3]

> "The principle at the foundation of these decisions is that after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal

---

[1] See OCGA § 9-11-41 (a).

[2] OCGA § 9-15-14 (e) provides that "[a]ttorney's fees and expenses under this Code section may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action."

[3] *Woelper v. Piedmont Cotton Mills*, 266 Ga. 472, 474 (467 SE2d 517) (1996); *Guillebeau v. Yeargin*, 254 Ga. 490, 492 (330 SE2d 585) (1985); *Groves v. Groves*, 250 Ga. 459 (298 SE2d 506) (1983).

which is to pass upon it, he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained."[4]

Here, on May 4, 2007, the trial court communicated its decision to the parties to dismiss Wall's action in its entirety and to award attorney fees. Because the trial court communicated its decision on the merits of Wall's action before Wall filed his voluntary dismissal, the voluntary dismissal was ineffective.[5]

2. In its August 21, 2007 order, the trial court placed restrictions on Finkelstein's ability to practice law. The court, however, erred in doing so.[6]

3. The appellants contend that the trial court erred in awarding attorney fees without proper notice and a hearing on the issue of liability for the attorney fees. We agree.

Before attorney fees may be awarded against a party under OCGA § 9-15-14 (b), the party must be given notice that an award of attorney fees under that Code section is under consideration so that he or she has "an opportunity to challenge the basis on which the fees are assessed."[7] In the present case, the trial court determined that Finkelstein was liable for attorney fees under OCGA § 9-15-14 (b) without providing notice that it was considering an award under that Code section or a hearing on the issue. Although the trial court did later provide a hearing to determine the amount of attorney fees that were due, this does not diminish the fact that Finkelstein had no notice or a hearing regarding whether attorney fees were warranted under the standards set forth in OCGA § 9-15-14 (b). Accordingly, we must reverse the trial court's grant of attorney fees.

4. The appellants contend that the trial court erred in sealing the record without notice and a hearing. Although the trial court unsealed the record before appeal, this action does not render the issue moot, as the controversy is capable of repetition but evading review.[8]

---

[4] *Guillebeau*, 254 Ga. at 492, quoting *Peoples Bank of Talbotton v. Exchange Bank of Macon*, 119 Ga. 366, 368 (46 SE 416) (1904).

[5] *Woelper*, 266 Ga. at 474; *Guillebeau*, 254 Ga. at 492; *Groves*, 250 Ga. at 459-460. See also *Meister v. Brock*, 268 Ga. App. 849, 849-850 (602 SE2d 867) (2004) (a voluntary dismissal is not a "final disposition" within the meaning of OCGA § 9-15-14 (e)).

[6] See *Stevens v. Thomas*, 257 Ga. 645, 648 (361 SE2d 800) (1987) (discipline of attorneys solely within the exclusive jurisdiction of this Court, with the sole exception being that trial courts have the power to disbar an attorney pursuant to Rule 8.4 (d) of Bar Rule 4-102 (d)).

[7] *Williams v. Cooper*, 280 Ga. 145, 146-147 (625 SE2d 754) (2006).

[8] See *Press-Enterprise Co. v. Superior Court*, 478 U. S. 1, 6 (106 SC 2735, 92 LE2d 1) (1986) (the fact that, by the time of appeal, the trial court had released transcript in a criminal case that it had sealed did not render the controversy moot).

"Superior courts may restrict or prohibit access to court records only if they do so in compliance with the requirements of [Uniform Superior Court] Rule 21."[9] If a trial court fails to hold a hearing on whether to seal a record or fails to make findings of fact concerning whether the privacy interests at stake outweigh the public's interest in access to records, an order sealing a record must be reversed on appeal.[10]

Here, because the trial court failed to hold a hearing and did not make findings of fact regarding the balancing of public and private interests, we conclude that the trial court erred in sealing the record.

5. On August 10, 2007, the appellants moved to recuse the trial judge based largely on actions by the trial judge in February and May 2007. The trial judge denied the motion, and on appeal, the appellants contend that the trial court erred by failing to refer the motion to another judge for a hearing.

When presented with a motion to recuse, a trial court may rule on the " 'timeliness of the motion and the legal sufficiency of the affidavit.' "[11] If the trial court determines that "the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true," the trial court must refer the motion to another judge for a hearing.[12]

In the present case, we conclude that the appellants' motion to recuse was not timely. "Under Uniform Superior Court Rule 25.1, a motion to recuse must be filed no 'later than five (5) days after the affiant first learned of the alleged grounds for disqualification . . . unless good cause be shown for failure to meet such time requirements.' "[13] Because the record shows that the appellants did not move for disqualification within five days of learning of the grounds therefor, the appellants' motion to recuse was untimely.

The appellants contend, however, that they had good cause for the untimeliness because they thought that Wall's action had been voluntarily dismissed as of May 17, 2007. For this reason, according to the appellants, they did not believe that a motion to recuse was necessary until they received notice on August 7, 2007, that a hearing would be held on August 10. However, on May 17, 2007, the same day that Wall filed his voluntary dismissal, the trial court informed the appellants that Wall's dismissal was untimely and thus ineffective and that the court intended to hold a hearing on the amount of

---

[9] *In re Motion of the Atlanta-Journal-Constitution*, 271 Ga. 436, 437 (519 SE2d 909) (1999).

[10] Id. at 437-438; USCR 21.1 and 21.2.

[11] *Kappelmeier v. Winegarden*, 279 Ga. 874 (621 SE2d 452) (2005), quoting *Birt v. State*, 256 Ga. 483, 484 (350 SE2d 241) (1986).

[12] Uniform Superior Court Rule 25.3.

[13] *Echols v. Echols*, 281 Ga. 546, 546-548 (640 SE2d 257) (2007).

attorney fees that were due. For this reason, we reject the appellants' contention that there was good cause for waiting until August 10 to file the motion to recuse.[14] Moreover, even assuming all of the facts set forth in the affidavit given in support of the motion to recuse are true, the affidavit did not show a bias that stemmed from an extrajudicial source.[15]

For the foregoing reasons, we conclude that the trial court did not err in not referring the motion to recuse to another judge.

*Judgment affirmed in part and reversed in part in Case No. S08A0549. Judgment reversed in Case No. S08A0550. All the Justices concur.*

DECIDED MAY 19, 2008.

*James N. Finkelstein*, for appellants.
*Perry & Walters, George P. Donaldson III, Robert B. Langstaff Jr.*, for appellee.

---

[14] Id.
[15] USCR 25.1; *Turner v. State*, 280 Ga. 174, 175 (626 SE2d 86) (2006).