**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 30, 2018**

# In the Court of Appeals of Georgia

A18A0294. BARBOUR v. SANGHA et al.

PHIPPS, Senior Appellate Judge.

This is an interlocutory appeal from the denial of plaintiff Michael Barbour's motion for entry of default judgment against defendant Dr. Sumandeep Sangha after Dr. Sangha's answer was rejected by the Fayette County State Court e-filing system. After a hearing, the trial court denied Barbour's motion and also found that the motion lacked substantial justification such that an award of attorney fees under OCGA § 9-15-14 (b) was warranted. On appeal, Barbour argues that the trial court erred when it ordered Dr. Sangha's answer to be accepted as timely and denied Barbour's motion for default judgment without an evidentiary hearing, that the court should have considered whether opening default was appropriate, and that the court also erred when it found him liable for attorney fees. We affirm the trial court's denial

of the motion for default judgment, but we vacate that court's finding of liability for attorney fees and remand for further proceedings limited to that issue.

We review the denial of a motion for entry of default judgment only for an abuse of discretion. *Edenfield & Cox, P. C. v. Mack*, 282 Ga. App. 816, 816 (640 SE2d 343) (2006). "[D]efault judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible, cases should be decided on their merits, for default judgment is not favored in law." *Thomas v. Brown*, 308 Ga. App. 514, 517 (3) (707 SE2d 900) (2011) (citation and punctuation omitted).

The relevant facts are undisputed. On May 31, 2016, plaintiff Michael Barbour filed the instant medical malpractice lawsuit against defendant Dr. Sumandeep Sangha in Fayette County State Court. Barbour served the complaint on Dr. Sangha on June 2, 2016. On July 5, 2016, Dr. Sangha's counsel electronically filed an answer, a demand for a jury trial, a motion to dismiss and brief in support, and a request for oral argument, and received an acknowledgment of the filings from the Peach Court e-filing system the same day.[1] Defense counsel also served Barbour's

---

[1] The electronic message stated that the filing "was received by Peach Court and has been successfully transmitted to the Clerk of Fayette County State Court. You will receive a separate confirmation message if this filing is accepted by the clerk. Please do not reply to this message."

2

counsel with the filings via U. S. Mail and mailed courtesy copies to the judge's chambers. On July 6, 2016, the clerk's office sent an email to defense counsel's registered e-filer, Victoria Lockard, that the filings had been rejected because "the signatures of the documents do not match the credentials of the filer." Lockard did not see this email.

On July 12, 2016, the trial court's staff attorney sent an email to both sides confirming receipt of Dr. Sangha's motion to dismiss, but also stating that the Clerk's office had not received the filings and asking Dr. Sangha to refile the motion. Later that day, the staff attorney also noted via email that the Clerk had not received Dr. Sangha's answer. Defense counsel then learned that the Clerk had rejected the filings because the signatures on some of the documents (by Lori Cohen) did not match Lockard's credentials. Although Dr. Sangha's answer was one of the documents rejected, no such mismatch occurred on that document, which was signed by Lockard herself. Defense counsel refiled the answer, the motion to dismiss, and the remaining documents previously filed with corrected signature lines that same day.

On July 15, 2016, defense counsel Jessica Odom contacted the Clerk's office to confirm acceptance of the refiled pleadings and to inquire about the costs

associated with opening any presumed default under OCGA § 9-11-55 (a).[2] An officer worker told Odom that the docket showed an answer filed on July 12 and that it was therefore not necessary for Dr. Sangha to pay any costs.

On August 8, 2016, however, after the 15-day period to open default as a matter of right had expired, Barbour filed a motion for entry of default judgment. After a hearing at which the trial court noted that the relevant facts were not in dispute, the court entered an order finding that Dr. Sangha's answer had been "timely filed and properly signed by the registered filer" and that the answer had been rejected "solely due to the purported protocol of the PeachCourt e-filing system and the actions of the Clerk of Court." Citing Uniform Superior Court Rule 36.16 (F), which grants a court the power to "enter appropriate relief" in cases in which "electronic filing or service is prevented or delayed because of a failure of the electronic filing system," the trial court instructed its Clerk to mark Dr. Sangha's answer as filed and docketed *nunc pro tunc* as of July 5, 2016. The trial court also found that Barbour's "hyper-technical" motion for default judgment "lacked

---

[2] OCGA § 9-11-55 (a) provides in relevant part: "If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs."

substantial justification and unnecessarily expanded the proceedings, causing undue expense" to Dr. Sangha, such that an award of reasonable attorney fees was appropriate under OCGA § 9-15-14 (b). The court thus denied Barbour's motion for default judgment, denied Dr. Sangha's motion to open default as moot, and reserved its determination of the amount of attorney fees for a later evidentiary hearing. The trial court also granted Barbour a certificate of immediate review as required by OCGA § 5-6-34 (b). We granted Barbour's application for interlocutory review, and this appeal followed.

1. As a preliminary matter, Barbour is incorrect to assert that the trial court refused to hold an evidentiary hearing. The transcript of the hearing shows that the first issue addressed there was whether there was any need for witness testimony in addition to the parties' previous submissions, including a timeline and the exhibits attached to their pleadings and motions, detailing the evidence outlined above. After hearing argument, the trial court found that no such testimony was necessary in light of the undisputed facts laid out in those filings. The record also shows that after the court's ruling on this issue, the parties agreed, without objection from Barbour, to refer to a binder prepared by the defense, and provided to plaintiffs and the court,

5

containing the relevant filings and their exhibits, all of which appear in the appellate record.

2. Barbour also argues that the trial court erred in ordering Dr. Sangha's answer docketed and filed as of July 5, 2016 and thus in denying Barbour's motion for default judgment. We disagree.

A trial court has broad discretion to correct clerical errors including a clerk's failure to mark a document as filed on the date that document is actually delivered to the clerk. *Forsyth v. Hale*, 166 Ga. App. 340, 343 (304 SE2d 81) (1983); see also *Gibbs v. Spencer Industries*, 244 Ga. 450, 450-451 (260 SE2d 342) (1979) (the proper date of a filing is an issue for the trial court to resolve). This case concerns the application of this discretion in the context of Uniform Superior Court Rule 36.16, which provides in relevant part:

> (C) Signatures. An electronically filed document is deemed signed by the registered filer submitting the document as well as by any other person who has authorized signature by the filer. By electronically filing the document, the filer verifies that the signatures are authentic.

> (D) Time of filing. An electronic document is *presumed filed upon its receipt by the electronic filing service provider*, which provider must automatically confirm the fact, date and time of receipt to the filer. Absent evidence of such confirmation, there is no presumption of filing.

. . .

(F) System *or user* filing errors. If electronic filing or service is prevented or delayed because of a failure of the electronic filing system, a court *will* enter appropriate relief such as the allowance of filings nunc pro tunc or the provisions of extensions to respond.

(Emphasis supplied.)

Here, Dr. Sangha's answer was signed and filed by the registered filer, with the result that it was "presumed filed upon its receipt," as confirmed by the PeachCourt e-filing system. USCR 36.16 (D). The trial court thus had evidence for its conclusion that when the e-filing system rejected the entire batch of documents, including the properly executed and filed answer, a "system or user filing error," including a "failure of the electronic filing system," occurred such that the court was authorized, if not required, to "enter appropriate relief such as the allowance of [the filing] nunc pro tunc." Id. at (F). It being undisputed that Dr. Sangha's answer was properly signed and e-filed on July 5, 2016, and that the PeachCourt system rejected the filing because of mismatched signatures on the other documents also submitted on that date, the trial court did not abuse its discretion when it ordered that answer docketed as of that date. See *Lavan v. Phillips*, 184 Ga. App. 573, 574 (362 SE2d 138) (1987)

7

(reversing a trial court's rejection of a filing when the clerk's endorsement "did not reflect the actual filing date" such that "the trial court should have ruled [a] complaint timely filed").

3. Because the trial court did not err in ordering Sangha's answer filed as of July 5, 2016, the case never went into default. See *Rainier Holdings v. Tatum*, 275 Ga. App. 878, 879 (1) (622 SE2d 86) (2005) (when defect in a corporate defendant's answer was cured by the filing of a second answer by a licensed attorney, the second answer related back such that the trial court erred in entering a default judgment against that defendant). Because the case never went into default, the trial court was not required to reach the question whether default should have been opened under OCGA § 9-11-55 (a).

4. Barbour also asserts that the trial court erred when it concluded that his motion for default judgment lacked substantial justification and unnecessarily expanded the proceedings such that Sangha was entitled to reasonable attorney fees under OCGA § 9-15-14 (b).[3]

---

[3] The statute provides in relevant part: "(b) The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for

Although Barbour complains that Sangha should have filed a separate motion for fees under OCGA § 9-15-14, a trial court is entitled to consider the issue "upon its own motion." *Mize v. Regions Bank*, 265 Ga. App. 635, 636 (2) (595 SE2d 324) (2004), citing OCGA § 9-15-14 (b). Here, based on the evidence submitted by the parties, but after argument limited to the motions for default judgment and to open default, the trial court reached the conclusion that Barbour's motion for default judgment "lacked substantial justification."

The record shows, however, that the issue of attorney fees was never mentioned or argued at the hearing. The trial court thus erred when it considered the issue of liability under OCGA § 9-15-14 (b) "without providing notice that it was considering an award under that Code section or a hearing *on that issue*." *Wall v. Thurman*, 283 Ga. 533, 534 (3) (661 SE2d 549) (2008) (emphasis supplied); see also *Evers v. Evers*, 277 Ga. 132, 132 (1) (587 SE2d 22) (2003) (a party opposing a motion for attorney fees under OCGA § 9-15-14 (b) must be afforded an "oral hearing," including "an opportunity to confront and challenge testimony as to the need for, and value of, legal services"). We therefore vacate the portion of the trial court's award finding Barbour

---

delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . ."

9

liable for fees under OCGA § 9-15-14 (b) and remand for further proceedings consistent with this opinion, including an evidentiary hearing as to both Barbour's liability under that statute and the reasonableness of the fees spent on defending against the motion for default judgment. *Wall*, 283 Ga. at 534 (3) (reversing award of attorney fees when trial court failed to conduct a hearing as to party's liability for OCGA § 9-15-14 (b) attorney fees, even when it later "provided a hearing to determine the amount of attorney fees that were due").

*Judgment affirmed in part and vacated in part, and case remanded with direction. Ellington, P. J., and Bethel, J., concur.*