A95A0235. LACKEY v. CRITTENDEN.
(457 SE2d 701)

McMURRAY, Presiding Judge.

Plaintiff Jan Michile Crittenden brought this tort action against defendant Deborah Kay Lackey for personal injuries arising out of a vehicular mishap that allegedly took place on May 17, 1991. Defendant was personally served on May 28, 1993, with the summons indicating that the complaint in Civil Action Number 93A-73311 was filed in the State Court of DeKalb County, Georgia, on May 19, 1993. Defendant answered and immediately moved for summary judgment based upon the two-year statute of limitation for personal injuries established at OCGA § 9-3-33.

Plaintiff opposed the motion with the unsworn statement of her counsel who recited that, on April 15, 1993, counsel was diagnosed as having terminal cancer requiring emergency surgery; on April 20, 1993, counsel mailed the complaint, filing fees, cover sheets and entry

of service, to the Clerk of the DeKalb State Court with adequate postage to assure delivery; on May 3, 1993, counsel underwent emergency surgery and was advised that the cancer had metastasized to his liver and lymph system, requiring chemotherapy; on May 19, 1993, counsel went to the DeKalb County Courthouse, where he "was told for an unknown and/or unexplained reason, the complaint sent by mail on April 20, 1993, . . . was not recorded on file, and may have been lost in the courthouse or the mail"; at which point, counsel filed another complaint which was "given the file number 93A-73311-1[.]" Plaintiff argued that counsel's physical incapacity arising from the debilitating disease (and treatment) coupled with his attempt at timely filing by mail (lost by the postal service or the clerk) "rises to the level of excusable neglect," which operated to extend the statute of limitation.

The trial court initially granted defendant's motion for summary judgment, but subsequently granted plaintiff's motion to set that judgment aside and entered an order denying defendant's motion for summary judgment. However, the trial court timely certified that order for immediate review. Defendant's application for interlocutory appeal was granted and a timely notice of appeal was filed. *Held*:

"A civil action is commenced by filing a complaint with the court." OCGA § 9-11-3. "[A]n action brought on [May 19, 1993], seeking to recover damages for injuries to the person alleged to have been sustained on [May 17, 1991], is barred by the statute of [limitation], which requires such actions to be brought within two years after the right of action accrues. [Cits.]" *Dowling v. Lester*, 74 Ga. App. 290, 292 (1) (39 SE2d 576). The tragic circumstances of counsel's terminal cancer do not operate to extend the applicable two-year time limit established by OCGA § 9-3-33 under a theory of "excusable neglect." Nor do these unfortunate events invoke the provisions of OCGA § 9-3-91, which by its express terms apply personally to the party with the "right of action." "This court has made no exceptions to the rule where the untimeliness is allegedly attributable . . . to the illness or even death of counsel, *Wren v. Josey*, 97 Ga. App. 593, 594 (103 SE2d 745) (1958)[.]" *Banks v. Green*, 205 Ga. App. 589 (423 SE2d 31). See also *Farmers & Traders Nat. Bank v. Willis*, 122 Ga. 563 (50 SE 366). In the case sub judice, the trial court erred in denying defendant's motion for summary judgment based upon the undisputed running of the statute of limitation.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 12, 1995.

*Murray & Temple, Gregg P. Counts, John C. McCaffery,* for appellant.

*Levine & Plumides, Mark W. Levine, George M. Plumides,* for appellee.