A02A1845. IN RE ESTATE OF DASHER.
(576 SE2d 559)

BARNES, Judge.

This appeal concerns the administration of Campbell King Dasher's estate. Appellant Claude M. Kicklighter, the estate's executor, was ordered by the Cobb County Probate Court to reimburse the estate for commissions and expenses erroneously paid to him as executor, for interest that should have been generated by the estate account, and for items missing from the estate. He now appeals the probate court's decision.

Kicklighter initially brought this appeal in the superior court.

Upon Kicklighter's motion, however, the appeal was transferred to this court under Art. VI, Sec. I, Par. VIII of the Georgia Constitution (1983) because of OCGA §§ 15-9-120 (2) and 15-9-123, which provide that appeals from counties with populations of more than 96,000 people will be brought to the Supreme Court or the Court of Appeals rather than the superior court.

On appeal, Kicklighter contends the probate court's order is contrary to the law and facts because he was entitled to the commissions earned under OCGA § 53-6-140, the probate court improperly awarded interest because he failed to invest the estate property in interest-bearing accounts, and the probate court improperly awarded damages for lost estate property. He also contends that OCGA § 15-9-120 is unconstitutional because it violates Art. III, Sec. VI, Par. IV (b) of the Georgia Constitution (1983), which prohibits bills that use "population as a means of determining the applicability of any bill or law to any political subdivision or group of political subdivisions. . . ." Id.

Kicklighter, an attorney, was appointed executor of the estate, as nominated in Dasher's will. He is the nephew of Dasher's widow. The appellees are Dasher's adult children from a prior marriage, who are heirs under the will.

Although not raised by either party in this court, we must first consider whether this court has jurisdiction to consider this appeal. *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (1) (306 SE2d 22) (1983). The probate court's order which is sought to be appealed was entered on March 14, 2001;[1] the notice of appeal, however, was not filed until Monday, April 16, 2001,[2] or 33 days after entry of the order. As appeals must be filed within 30 days of the appealable decision, OCGA § 5-6-38 (a), the appeal appears untimely.

Even though two of these days are attributable to a weekend, the thirtieth day fell on Friday, April 13, 2001. Thus, when the heirs moved to dismiss the appeal in the superior court, the court first found the notice of appeal was untimely. Later, the court reconsid-

---

[1] Although the probate court amended, without vacating, its order on March 29, 2001, it merely added Kicklighter's name to a portion of the order that previously only referred to him as the executor. Therefore, this amendment was not such a substantial revision so as to extend the time in which Kicklighter could file his notice of appeal. *Pruitt v. Jones*, 96 Ga. App. 545 (100 SE2d 632) (1957).

[2] Kicklighter initiated this appeal by filing pleadings in both the Cobb County Superior and Probate Courts entitled "Appeal to the Superior Court." The pleading in the superior court was ineffective under the Appellate Practice Act because appeals are initiated by filing a notice of appeal "with the clerk of the court wherein the case was determined. . . ." OCGA § 5-6-37; *Bailey v. Bonaparte*, 125 Ga. App. 512, 515 (188 SE2d 119) (1972). See *Adams v. State*, 234 Ga. App. 696-697 (1) (507 SE2d 538) (1998). The pleading filed in the probate court, however, was sufficient to initiate this appeal. Id. at 697.

ered this ruling and found that the appeal was timely because the county courthouse was closed on Friday, April 13, 2001, for Good Friday, a Cobb County holiday. Therefore, the superior court denied the motion to dismiss and transferred the appeal to this court.

OCGA § 1-3-1 (d) (3) states that "[w]hen the last day prescribed [for statutory filing time computation] falls on *a public and legal holiday as set forth in Code Section 1-4-1*, the party having the privilege or duty shall have through the next business day to exercise the privilege or to discharge the duty." (Emphasis supplied.) Nevertheless, Good Friday is not a public or legal holiday because that day is not listed in OCGA § 1-4-1. Indeed, OCGA § 1-4-2 states that the only days to be declared, treated, and considered as religious holidays shall be the first day of each week, called Sunday. Obviously, Good Friday is not such a day.

As OCGA § 1-3-1 (d) (3) makes no express provision for days falling on county-declared holidays, we must decide whether Good Friday constitutes a holiday for purposes of extending the filing date. Because the plain language of OCGA §§ 5-6-38 (a) and 1-3-1 (a) makes no provisions for extending the filing time for notices of appeal to compensate for county-declared holidays and OCGA § 1-4-2 limits religious holidays to Sundays, we find that it does not.

In some situations, provision is made for filing pleadings even though the clerk's office is closed. See, e.g., *State of Ga. v. Jones*, 125 Ga. App. 361 (187 SE2d 902) (1972). Because the record is silent on this point, we cannot ascertain whether any such provisions were made in this case. Further, nothing in the record indicates that Kicklighter attempted to file his notice of appeal on April 13. Thus, we cannot determine whether Kicklighter merely assumed that he would be unable to file his pleading on that day, or whether the clerk's office had made provisions for filing pleadings despite being closed. We note, however, that while Kicklighter has focused on the Cobb County Superior Court Clerk's Office, the important office in this appeal is that of the Cobb County Probate Court Clerk, as that was the court in which the case was decided and where the notice of appeal was required to be filed. OCGA § 5-6-37; *Bailey v. Bonaparte*, 125 Ga. App. 512 (188 SE2d 119) (1972).

Obviously a document cannot be filed if the clerk's office is closed and no provision is made for filing, but a party is not without recourse even in this situation. Under our law, "[a]ny judge of the trial court or any justice or judge of the appellate court to which the appeal is to be taken may, in his discretion, and without motion or notice to the other party, grant extensions of time for the filing of [a] [n]otice of appeal." OCGA § 5-6-39 (a) (1). Therefore, if Kicklighter had attempted to file his notice of appeal on April 13 and found that

he was unable to do so, he could have requested an extension of time in which to file the notice of appeal under OCGA § 5-6-39 (a) (1).[3]

We are not free to disregard the 30-day time limit established in OCGA § 5-6-38 (a). As authorized by our constitution,

> the General Assembly enacted the Appellate Practice Act of 1965 which prescribes the conditions "as to the right of a party litigant to have his case reviewed. . . ." We view these prescribed conditions as jurisdictional. See [*Wood v. Atkinson*], 229 Ga. 179[, 180 (190 SE2d 46) (1972)]. [OCGA § 5-6-37] provides that "an appeal may be taken by filing with the clerk of the court wherein the case was determined a notice of appeal." [OCGA § 5-6-38 (a)] provides: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of." [OCGA § 5-6-39] provides a method by which the 30-day period for filing a notice of appeal may be extended. *The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.* We hold that the burden is on the party desiring to take the appeal to determine when the judgment is filed in the trial court, and the burden is on the party desiring to appeal to file his notice of appeal within the 30-day period or within a duly authorized extension of the 30-day period. This court does not have jurisdiction to review the judgment sought to be appealed because of the failure to confer jurisdiction upon this court pursuant to the Appellate Practice Act.

(Punctuation omitted; emphasis omitted and supplied.) *Jordan v. Caldwell*, 229 Ga. 343, 344 (191 SE2d 530) (1972).[4] Consequently, a timely filed notice of appeal is a jurisdictional prerequisite to a valid appeal. *Henderson v. State*, 265 Ga. 317 (1) (454 SE2d 458) (1995); *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995); *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978).

---

[3] The appellate courts of this state were open and available to consider a request to extend the time, even "without motion or notice to the other party" (OCGA § 5-6-39 (a)), or he could have contacted the probate judge with such a request, and, if granted, the court could have filed the extension with the judge under OCGA § 9-11-5 (e).

[4] Our Supreme Court in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980), overruled *Jordan v. Caldwell*, supra, to the extent it was inconsistent with the holding in *Cambron*. *Cambron* held that upon a motion to set aside under OCGA § 9-11-60 (g) and a finding that the trial court had failed to send the losing party a copy of the trial court's judgment as required by OCGA § 15-6-21 (c), the trial court could set aside the earlier judgment and reenter it so as to give the losing party a 30-day period in which to take an appeal. As the holding in *Jordan v. Caldwell* we rely upon is not inconsistent with the holding in *Cambron*, *Jordan* was not overruled on this ground.

Kicklighter relies upon *Lavan v. Philips*, 184 Ga. App. 573 (362 SE2d 138) (1987); *Forsyth v. Hale*, 166 Ga. App. 340 (304 SE2d 81) (1983); and *State of Ga. v. Jones*, supra, 125 Ga. App. at 361, as authority for this court to reach a contrary result. We find this reliance unwarranted. In all of these cases, the notice of appeal was physically in control of the clerk or the clerk's designee, on or before the thirtieth day after entry of the judgment, but were stamped filed on a later date. In *Lavan*, a complaint was delivered to the clerk of court before the expiration of the statute of limitation, but not stamped as filed until after, and in *Forsyth*, the complaint was delivered in accordance with the clerk's instructions, but not stamped filed until after the statute of limitation expired.

Although Kicklighter relies on *State of Ga. v. Jones*, a case with similar facts to the instant appeal, *Jones* is contrary to his position. In *Jones*, the complaint was required to be filed on Friday, November 27, and the superior court clerk's office was closed on Thanksgiving Day, Thursday, November 26, most of Friday, November 27, and on the weekend, November 28 and 29.

On Wednesday morning, November 25, the clerk posted a sign on the door of his office stating: "This office will be closed Thursday and Friday, November 26 and 27, 1970, for Thanksgiving. If you need to transact business in this office on these days, please contact the following: [listed people]." (Punctuation omitted.) *State of Ga. v. Jones*, supra, 125 Ga. App. at 362. This notice remained in place until Monday morning, November 30. The persons named in the notice were available and would have gone to the clerk's office for filing any documents if called, but no call was received about this case. One of the employees, however, went to the office on November 27 to file a document in another case.

Late on Wednesday, November 25, the plaintiff's attorney mailed the complaint for filing. The clerk of court, however, did not remove the complaint from the clerk's post office box until the following Monday morning, November 30, and the complaint was marked filed on that date. Subsequently, the superior court granted the defendant's motion to dismiss, and on appeal, this court affirmed that decision. *State of Ga. v. Jones*, supra, 125 Ga. App. at 365. We see nothing in *Jones* that would support reaching a different result in this appeal. As noted earlier, Kicklighter has presented no evidence that he actually attempted to file the notice of appeal with the probate court clerk within 30 days of the probate court judgment.

Further, reaching a different result would disregard years of precedent to the contrary. Although applying such a stringent rule appears harsh and inequitable in this appeal where Kicklighter's failure to file a timely notice of appeal may have resulted from the clerk's office being closed on a nonlegal holiday, the appellate courts

of Georgia have consistently held that the burden is on the party desiring to appeal to determine when the judgment is filed in the trial court, and to file a notice of appeal within the 30-day period or within a duly authorized extension. *Jordan v. Caldwell*, supra, 229 Ga. at 344. Further, filing a notice of appeal as required by OCGA § 5-6-38 (a) is a mandatory prerequisite to appellate court jurisdiction. *Wood v. Atkinson*, supra, 229 Ga. at 179; *Venable v. Block*, 141 Ga. App. 523 (233 SE2d 878) (1977).

This rule has been applied even in the most seemingly compelling circumstances. *Veasley v. State*, 272 Ga. 837 (537 SE2d 42) (2000) (appellant allegedly did not receive trial court's order and parties filed a joint motion to proceed with appeal); *Legare v. State*, 269 Ga. 468 (499 SE2d 640) (1998) (notice of appeal filed during an unauthorized extension granted by trial court); *Clark v. State*, 182 Ga. App. 752 (357 SE2d 109) (1987) (notice of appeal filed during an unauthorized extension granted by district attorney); *Bank of Coweta v. Lee*, 153 Ga. App. 33 (264 SE2d 526) (1980) (notice of appeal filed pursuant to trial court's grant of "belated appeal"); *Farmers & Traders Nat. Bank v. Willis*, 122 Ga. 563 (50 SE 366) (1905) (illness and death of counsel); *Wren v. Josey*, 97 Ga. App. 593 (103 SE2d 745) (1958) (illness of counsel). See *Lackey v. Crittenden*, 217 Ga. App. 432, 433 (457 SE2d 701) (1995) (failure to file complaint within period of limitation not excused by counsel's physical incapacity arising from debilitating disease and treatment).

Accordingly, because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal, and it must be dismissed.

*Appeal dismissed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED DECEMBER 18, 2002 —
RECONSIDERATION DENIED JANUARY 15, 2003 —

*Brock, Clay, Calhoun, Wilson & Rogers, Charles C. Clay, John D. Findlay, Jr., Haynie, Litchfield & Crane, Douglas R. Haynie*, for appellant.

*Talley & Darden, David P. Darden, Barbara H. Martin*, for appellee.