## A09A1929. POTTER-MILLER v. REED.
(690 SE2d 215)

SMITH, Presiding Judge.

In her third attempt at an appeal in this attorney fee arbitration, Savannah Potter-Miller appeals an order granting Arthur Reed's motion to compel post-judgment discovery, an order of contempt for failure to obey that order, a confidentiality/protective order, and an order for a supersedeas bond.[1] To the extent they are properly before us, we affirm the trial court's rulings.

1. We first note that Reed's contention that Potter-Miller's

---

[7] *Miller v. State*, 285 Ga. 285, 286 (676 SE2d 173) (2009).

[8] Id.; *Hill v. State*, 290 Ga. App. 140, 146 (5) (f) (658 SE2d 863) (2008).

[1] The appeal was originally filed in the Supreme Court of Georgia, but it was transferred to this court after the Supreme Court found that "none of the issues in this case invoke the Court's jurisdiction."

notice of appeal was untimely filed is incorrect. While the notice was filed 33 days after entry of the last order appealed from, the 30th day fell on an official state holiday, and the following two days were Saturday and Sunday. The filing therefore was timely. See OCGA §§ 1-4-1 (a) (2); 1-3-1 (d) (3); *In re Estate of Dasher*, 259 Ga. App. 201, 203 (576 SE2d 559) (2002).

2. In her wide-ranging and largely irrelevant statement of facts and in four of her enumerations of error, appellant seeks to raise issues outside the scope of her notice of appeal, and we may not consider them. *Style Craft Homes v. Chapman*, 226 Ga. App. 634, 635 (487 SE2d 32) (1997). Moreover, appellant also attempts to raise issues that formed part of an earlier, dismissed appeal. "The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to and the trial court was without authority to vacate or alter such prior judgment which was res judicata between the parties. [Cit.]" *Aetna Cas. &c. Co. v. Bullington*, 227 Ga. 485, 485-486 (2) (181 SE2d 495) (1971).

The only issues properly before us for consideration are whether or not the trial court's order was "in violation of the supersedeas because the underlying case had been docketed in the Supreme Court of Georgia," and whether appellant was denied equal protection of the law in the trial court's assessment of attorney fees. However, appellant failed to make any argument or citation of legal authority or citation to the record in support of either of these enumerations of error, and they are therefore deemed abandoned. Court of Appeals Rule 25 (c) (2).[2] Moreover, we will not consider any constitutional issue that was neither raised nor ruled on below. *Lankford v. Orkin Exterminating Co.*, 266 Ga. App. 228, 232 (4) (597 SE2d 470) (2004).

3. Appellant's Motion for Extension of Time, Motion to Supplement Brief, Amendment to Motion to Supplement Brief, and Motion to Appoint Pro Bono Counsel on Appeal are denied.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED JANUARY 13, 2010 —
RECONSIDERATION DENIED FEBRUARY 3, 2010.

*Savannah Potter-Miller*, pro se.
*Sutherland, Bryan M. Ward*, for appellee.

---

[2] Appellant's passing and cryptic reference to *To Kill A Mockingbird* does not constitute a citation of legal authority or argument.