# Court of Appeals
# of the State of Georgia

ATLANTA,____April 07, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15D0304.  ANTOINETTE EVANS v. IH4 PROPERTY GEORGIA, LP.**

Antoinette Evans, defendant in the dispossessory case below, has filed an application for discretionary review of the State Court's order directing that the writ of possession may be executed.  This is the third time this case has come before us, and, as discussed below, we lack jurisdiction to consider Evans's application.[1]

The case began in magistrate court.  The parties reached a consent agreement, and the magistrate court entered a corresponding judgment.  Nonetheless, Evans appealed.  The magistrate court dismissed Evans's appeal, because she (1) had not first moved to set aside the judgment, and (2) had not paid the filing fee. Evans filed, in this Court, an application for discretionary review of the magistrate's order dismissing her notice of appeal.  See Case No. A14D0472 (decided on August 27, 2014).  We transferred the appeal to the State Court, which dismissed the case and issued a writ of possession to the plaintiff.  Evans then filed a direct appeal to this Court, which we dismissed based on Evans's failure to follow the discretionary appeal procedures.  See Case No. A15A0948 (decided on February 12, 2015).

After we dismissed Evans's appeal, the State Court entered an order providing that the writ of possession may be executed.  Evans now challenges this order.

Under the circumstances, Evans is not entitled to discretionary review of the

---

[1] Evans's attorney, Grady Roberts, has a history of filing procedurally improper appeals and applications in this Court.  Once again, we caution him that, pursuant to Court of Appeals Rule 15 (b), attorneys who file frivolous applications may be subject to sanctions.

State Court's order. The order did not create any substantive rights; it merely gave effect to the court's prior order. And because we have already dismissed Evans's appeal from that prior order, she is barred from challenging the substance of that ruling. See *Potter-Miller v. Reed*, 302 Ga. App. 199 (2) (690 SE2d 215) (2010) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to and the trial court was without authority to vacate or alter such prior judgment which was res judicata between the parties."); see also *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum."). Accordingly, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __04/07/2015__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*