**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 13, 2017**

# In the Court of Appeals of Georgia

A17A0701. SMITH v. McTAGGART.

BETHEL, Judge.

Grady Smith appeals from a final order in child custody proceedings with Rosita McTaggart. On appeal, Smith argues that the trial court abused its discretion when it denied his motion for continuance prior to the final hearing after Smith discovered that his counsel was not a member of the State Bar of Georgia and could not represent him. In her response brief, McTaggart argues that the Court of Appeals does not have jurisdiction over this case because Smith failed to file a timely notice of appeal. We agree.

"The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Gibson v. State*, 207 Ga. App. 491, 491 (428 SE2d 421) (1993) (citation and emphasis omitted). OCGA § 5-6-38 (a) provides, in part, that "[a] notice of appeal shall be filed within 30 days after entry of

the appealable decision or judgment complained of[.]" The record indicates, and both parties agree, that the final order in this case was entered by the trial court on February 24, 2016, and that Smith's notice of appeal was not filed and received by the superior court clerk until March 28, 2016. As Smith notes in his reply brief, the thirtieth day following the February 24, 2016, order was March 25, 2016. Smith's brief further indicates that the Newton County courts, where this case originated, were officially closed on March 25 in observance of Good Friday.

As Smith correctly notes, according to OCGA § 1-3-1 (d) (3),

[W]hen a period of time measured in days . . . is prescribed for the . . . discharge of any duty, the first day shall not be counted but the last day shall be counted . . . When the last day prescribed for such action falls on a public and legal holiday as set forth in Code Section 1-4-1, the party having the privilege or duty shall have through the next business day to exercise the privilege or to discharge the duty.

Critical to this matter, however, OCGA § 1-4-1 only pertains to holidays that are designated as public and legal holidays by the federal government (subsection (a) (1)) and dates that are "designated and proclaimed by the Governor as public and legal holidays" (subsection (a) (2)). This Court takes judicial notice of the fact that

2

March 25, 2016, was not a federal holiday[1] and was not declared a public and legal holiday by the Governor of Georgia.[2]

In *In re Estate of Dasher*,[3] as here, the 30-day deadline for filing a notice of appeal ran on Good Friday, a day on which the relevant county court was closed in observance of the holiday. This Court noted in *Dasher* that, under OCGA § 1-4-1, "Good Friday is not a public or legal holiday[.]" *Id*. at 203. This Court determined that because OCGA § 1-3-1 (d) (3) "makes no express provision for days falling on county-declared holidays" and because "the plain language of OCGA §§ 5-6-38(a) and 1-3-1 (a) makes no provisions for extending the filing time for notices of appeal to compensate for county-declared holidays," the notice of appeal in that case was not timely filed. *Id*. at 203-05. The appeal was dismissed. *Id*. at 206.

---

[1] *See* Snow & Dismissal Procedures, Federal Holidays, https://www.opm.gov/policy-data-oversight/snow-dismissal-procedures/federal-holidays/#url=2016 (last visited October 5, 2017).

[2] *See* Governor Nathan Deal, 2016 State Holidays, http://team.georgia.gov/wp-content/uploads/2016/08/2016-State-Holidays.pdf (August 5, 2015).

[3] 259 Ga. App. 201, 202-03 (576 SE2d 559) (2002).

Smith has pointed this Court to no authority suggesting that *Dasher* was wrongly decided or that OCGA § 1-4-1 provides relief for instances in which local government offices are closed for holidays or observances designated by authorities other than the federal government or the Governor of Georgia. *Cf. Parsons v. Capital Alliance Financial, LLC*, 325 Ga. App. 884, 885 (2) (756 SE2d 14) (2014) (filing was timely when made on day following observance of Martin Luther King, Jr.'s Birthday, a public and legal holiday); *Potter-Miller v. Reed*, 302 Ga. App. 199, 199-200 (1) (690 SE2d 215) (2010) (filing timely when made on first business day following state holiday). As OCGA § 1-4-1 provides no relief to Smith in this case, his notice of appeal was not timely filed. Because a timely notice of appeal is a jurisdictional prerequisite to a valid appeal, "we are not free to disregard the 30-day time limit established in OCGA § 5-6-38 (a)." *Dasher*, 259 Ga. App. at 204 (citations omitted). We are thus compelled to dismiss Smith's appeal without reaching the merits of his enumerations of error.

This outcome, while unfortunate, was avoidable. We note that the parties' briefs omit any discussion of alternate accommodations, if any, made by the Superior Court Clerk of Newton County in regard to handling filings sought to be made on March 25, 2016 while the office was closed in observance of the Good Friday

4

holiday. *Dasher* and *State of Ga. v. Jones*, 125 Ga. App. 361 (187 SE2d 902) (1972), expressly recognize the validity of such alternate filing accommodations on holidays. However, whether such accommodations were in place in Newton County at the time relevant to this appeal does not change our analysis in this case because it does not appear that Smith attempted to avail himself of them.

Further, as this Court noted in *Dasher*,

> Obviously a document cannot be filed if the clerk's office is closed and no provision is made for filing, but a party is not without recourse even in this situation. Under [OCGA § 5-6-39 (a) (1)], '[a]ny . . . judge of the appellate court to which the appeal is to be taken may, in his discretion, and without motion or notice to the other party, grant extensions of time for the filing of [a] [n]otice of appeal.'

*Id*. at 203.

Had Smith attempted to file his notice of appeal on March 25, 2016, and found that he was unable to do so for any reason, he could have asked this Court to grant an extension of time in which to file the notice of appeal under OCGA § 5-6-39 (a) (1). As March 25, 2016, was not a state holiday, "[t]he appellate courts of this state were open and available to consider a request to extend the time[.]" *Id*. at 203, n. 3. The record reflects that Smith made no such request.

5

*Appeal dismissed. McFadden, P. J., and Branch, J., concur.*