# Court of Appeals
# of the State of Georgia

ATLANTA,__April 05, 2018_____

*The Court of Appeals hereby passes the following order:*

**A18A1298.   NICK STEWART et al. v. MATTHEW SCOTT HARKINS et al.**

Homeowners Matthew Scott Harkins and Laura X. Harkins sued builders James C. Barnes and Nick Stewart in Bibb County Superior Court.[1]  On December 1, 2017, the superior court issued an order that, inter alia, found defendant Barnes in contempt. 33 days later, on Wednesday, January 3, 2018, the defendants filed a notice of appeal of that order.  The defendants assert that their appeal is timely because the Bibb County Superior Court was closed on January 1 and 2, 2018.  We are constrained to dismiss the appeal because it is untimely.

OCGA § 5-6-38 (a) provides, in part, that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]" "The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Smith v. McTaggart*, 343 Ga. App. 144, 145 (806 SE2d 229) (2017).  OCGA § 1-3-1 (d) (3) provides that

> when a period of time measured in days . . . is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have

---

[1] In this case, we previously dismissed the defendants' appeal of the trial court's denial of their request to stay the case.  See Case No. A17A1643 (dismissed May 23, 2017).  The defendants' appeal of the trial court's denial of their request for mandamus and injunctive relief is currently pending.  See Case No. A18A1278.

through the following Monday to exercise the privilege or to discharge the duty. When the last day prescribed for such action falls on a public and legal holiday as set forth in Code Section 1-4-1, the party having the privilege or duty shall have through the next business day to exercise the privilege or to discharge the duty.

"[H]owever, OCGA § 1-4-1 only pertains to holidays that are designated as public and legal holidays by the federal government (subsection (a) (1)) and dates that are designated and proclaimed by the Governor as public and legal holidays (subsection (a) (2))." *Smith*, 343 Ga. App. at 145 (punctuation omitted).

Here, 30 days after the superior court's order fell on Sunday, December 31, 2017, and the following day, Monday, January 1, 2018, was a state and federal holiday. Therefore, unless Tuesday, January 2, 2018, was a state or federal holiday, the defendants had to file their notice of appeal by that date. As that date was not a federal holiday[2] and was not declared a holiday by the Governor of Georgia,[3] the defendants' notice of appeal is untimely. See *Smith*, 343 Ga. App. at 145 (taking judicial notice of the fact that Good Friday was not a state or federal holiday).

This Court has dismissed appeals as untimely when the 30-day deadline for filing the notice of appeal fell on Good Friday and no appeal was filed until the following Monday, even though the relevant county court was closed on Good Friday. See *Smith*, 343 Ga. App. at 146-147; *In re Estate of Dasher*, 259 Ga. App. 201, 202-205 (576 SE2d 559) (2002). We reasoned that because Good Friday is not a public or legal holiday under OCGA § 1-4-1 and because OCGA §§ 1-3-1 (d) (3) and 5-6-38 (a) make no express provision for days falling on county-declared holidays, the county

---

[2] See Snow & Dismissal Procedures, Federal Holidays, https://www.opm.gov/policy-data-oversight/snow-dismissal-procedures/federal-holidays/#url=2018 (last visited Mar. 28, 2018).

[3] See Governor Nathan Deal, 2018 State Holidays, http://team.georgia.gov/wp-content/uploads/2017/07/2018-State-Holidays-memo-07.12.17.pdf (July 12, 2017).

holiday did not constitute a holiday for purposes of extending the filing deadline. *Smith*, 343 Ga. App. at 146; *Dasher*, 259 Ga. App. at 203.  We explained that while dismissal may have been harsh, it could have been avoided:

> Obviously a document cannot be filed if the clerk's office is closed and no provision is made for filing, but a party is not without recourse even in this situation.  Under our law, 'any judge of the trial court or any justice or judge of the appellate court to which the appeal is to be taken may, in his discretion, and without motion or notice to the other party, grant extensions of time for the filing of a notice of appeal.'  OCGA § 5-6-39 (a) (1).

*Dasher*, 259 Ga. App. at 203 (punctuation omitted); see *Smith*, 343 Ga. App. at 146-147.  As January 2, 2018, was not a state holiday, "the appellate courts of this state were open and available to consider a request to extend the time" to file a notice of appeal of the superior court's order.  See *Smith*, 343 Ga. App. at 147 (punctuation omitted); *Dasher*, 259 Ga. App. at 204, n. #3.  The record does not reflect that the defendants made such a request.

As the defendants' notice of appeal was untimely, we are "compelled to dismiss [their] appeal without reaching the merits of [their] enumerations of error."  See *Smith*, 343 Ga. App. at 146.  Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/05/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*