# Court of Appeals
# of the State of Georgia

ATLANTA,  July 27, 2018

*The Court of Appeals hereby passes the following order:*

**A18A2042. ODION v. VARON et al.**

In 2014, the trial court entered a final order granting summary judgment to the defendants in this case, and Gege Odion filed an untimely appeal of that order, which this Court dismissed on April 17, 2015. See Case No. A15A1447. Years later, Odion filed a number of post-judgment motions, which the trial court dismissed in an order entered on February 3, 2017. On February 17, 2017, Odion filed an application for discretionary appeal of that order in this Court, which we dismissed on March 16, 2017. See Case No. A17D0297. Odion also filed a notice of appeal from the same order seeking to invoke the jurisdiction of our Supreme Court, but the Supreme Court transferred the appeal to this Court pursuant to OCGA § 15-3-3.1.[1] This Court then dismissed that appeal on November 8, 2017. See Case No. A18A0540. Odion filed a petition for certiorari from that order, and while that petition was pending,[2] he apparently filed an "Amended Notice of Appeal," which resulted in the docketing of an additional appeal in the Supreme Court. See Case No. S18A1188. The Supreme Court transferred that appeal to this Court on May 23, 2018, noting that they construed the amended notice of appeal "as another attempt to seek direct review of the orders that [Odion] previously sought to challenge."

---

[1] Under that statute, effective January 1, 2017, the Supreme Court no longer has direct appellate jurisdiction over cases involving title to land or equity. See Ga. L. 2016, p. 883 § 6-1 (effective date).

[2] The Supreme Court denied that petition for certiorari on June 4, 2018. See Case No. S18C0530.

Therefore, on two prior occasions, this Court has dismissed Odion's appeals from the same February 3, 2017 order at issue in this appeal, and he is barred from seeking further appellate review of that order. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (dismissal of previous appeal "constitutes binding law of the case" and precludes appellate review of issues raised in previous appeal); *Potter-Miller v. Reed*, 302 Ga. App. 199, 200 (2) (690 SE2d 215) (2010) (effect of dismissal of earlier appeal from the appealable judgment was to affirm the judgment of the trial court); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds.").

Accordingly, this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  07/27/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*