# Court of Appeals
# of the State of Georgia

ATLANTA, __October 10, 2018__

*The Court of Appeals hereby passes the following order:*

**A19D0107. TIMOTHY C. ADAMSON v. BRADFORD E. MEEHAN.**

Timothy C. Adamson sought to set aside a 2005 judgment pursuant to OCGA § 9-11-60 (d). The trial court denied the motion to set aside on October 25, 2017, and Adamson filed a motion for reconsideration and a direct appeal. We dismissed Adamson's direct appeal for failing to follow the discretionary appeals procedure as required by OCGA § 5-6-35 (a) (8). See *Adamson v. Meehan*, Case No. A18A1200 (decided February 28, 2018). Adamson subsequently filed a second motion for reconsideration. The trial court denied both motions for reconsideration on August 22, 2018. Adamson then filed this application for discretionary appeal on September 21, 2018. We, however, lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance with OCGA § 5-6-34 (d). *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). Here, Adamson's direct appeal of the order denying his motion to set aside was dismissed for failing to follow the proper procedure and this application was filed over ten months after entry of the order denying his motion to set aside. Although Adamson filed motions for reconsideration, the denial of a motion for reconsideration of an appealable order or judgment is not itself appealable and does not extend the time for filing a notice of appeal or an application for appeal. See *Campbell v. State*, 192 Ga. App. 316 (385 SE2d 14) (1989); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985). Thus, this application is untimely as to the order denying the motion to set aside and invalid

as to the order denying reconsideration.

Moreover, this Court's dismissal of Adamson's direct appeal from the order denying his motion to set aside constituted an adjudication on the merits, and Adamson is not entitled to further review of the order. See *Potter-Miller v. Reed*, 302 Ga. App. 199, 200 (2) (690 SE2d 215) (2010) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to and the trial court was without authority to vacate or alter such prior judgment which was res judicata between the parties.").

For the reasons stated above, Adamson's application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   10/10/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*