# Court of Appeals
# of the State of Georgia

ATLANTA,  April 21, 2020

*The Court of Appeals hereby passes the following order:*

**A20A0147.  JAMEZ ANTWANE BRYANT v. THE STATE.**

In 2018, while represented by counsel, Jamez Antwane Bryant was convicted upon his *Alford* plea and given an aggregate sentence of 30 years, to serve 20 in confinement.  Bryant thereafter filed numerous pro se motions, including a motion for an out-of-time appeal in which he asserted that he had not been adequately informed of his right to appeal and had lost that right due to his ignorance of the law, his counsel's negligence, and "ineffective counsel."  The trial court denied Bryant's motions in a consolidated order entered on April 26, 2019.  Bryant filed a pro se notice of appeal, but the ensuing appeal was dismissed because the notice of appeal was untimely filed.  See Case No. A20A0052 (dismissal order issued August 5, 2019).  See OCGA § 5-6-38 (a) (The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court.); *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).

Back in the trial court, Bryant filed multiple pro se motions, including another motion for an out-of-time appeal, wherein (as amended) Bryant reasserted that he had lost his right to appeal because he was not advised of that right due to ineffective assistance of counsel.  The trial court denied Bryant's motion (as amended), expressly noting in its order that "similar arguments were rejected by this [trial court] by order dated April 26, 2019."  This direct appeal arises from that order. See generally *Rowland*, 264 Ga. at 876 (2) (denial of motion for an out-of-time appeal is directly appealable).

"It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511-512 (2) (559 SE2d 528) (2002). Our dismissal of Bryant's prior appeal, Case No. A20A0052, acts as res judicata. See *Potter-Miller v. Reed*, 302 Ga. App. 199, 200 (2) (690 SE2d 215) (2010) ("The effect of the dismissal of the first appeal from an appealable judgment was to affirm the judgment of the trial court there excepted to and the trial court was without authority to vacate or alter such prior judgment which was res judicata between the parties."); *Johnson v. State*, 272 Ga. App. 294, 296-297 (6) (612 SE2d 29) (2005) ("[A]rguments [appellant] could and should have made in [his] previous appeal . . . present nothing for this Court to review."). Consequently, this second appeal from the denial of a motion for an out-of-time appeal is hereby DISMISSED. See *Jordan*, 253 Ga. App. at 512 (2); *Echols*, supra (dismissing second appeal from the denial of a motion for an out of time appeal, where adjudication in the first appeal was res judicata and the second appeal was thus barred).



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,__04/21/2020_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.