# Court of Appeals
# of the State of Georgia

ATLANTA,  January 06, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0188.  VALERIA SANDERS/AKA/VALERIA CRUZ AKA/ VALERIA MONTREZ SANDERS v. SUNNY ASSET LLC.

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, defendant Valeria Sanders appealed to the superior court. On February 3, 2020, the superior court issued a writ of possession and judgment in favor of Sunny Asset, LLC. Proceeding pro se, Sanders filed a direct appeal, which was dismissed based on her failure to file an application for discretionary review as required under OCGA § 5-6-35 (a) (1). See Case No. A22A0485 (Dec. 6. 2021). Sanders then filed this application. She asks that we "amend" her direct appeal to comply with the discretionary application procedure. Because Sanders failed to file a timely application for discretionary review, we lack jurisdiction.

First, to the extent that Sanders requests that we construe her timely notice of appeal as an application for discretionary review, we are unable to do so. Although "there is no magic in nomenclature," *Doe v. State*, 347 Ga. App. 246, 250 (1) (819 SE2d 58) (2018) (punctuation omitted), we cannot construe a notice of appeal, which must be filed in the trial court, as an application for discretionary appeal, which must be filed in this Court. See OCGA §§ 5-6-35 (d); 5-6-37.

Moreover, this application is untimely. Ordinarily, an application for discretionary review must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d). Under OCGA § 44-7-56, however, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999); see also Court of Appeals Rule 31 (a). Sanders's application was filed

on December 16, 2021, more than twenty-two months after the superior court issued its order.

Finally, it "is axiomatic that the same issue cannot be relitigated *ad infinitum*." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) (emphasis in original). The effect of the dismissal of Sanders's direct appeal "was to affirm the judgment of the trial court[,]" which then became res judicata between the parties. *Potter-Miller v. Reed*, 302 Ga. App. 199, 200 (2) (690 SE2d 215) (2010).

Having failed to follow the correct appellate procedure in the first instance, Sanders cannot now "amend" her direct appeal with an untimely application. For this reason, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   01/06/2022*

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*