72317. WILSON v. COMMERCIAL COLD STORAGE, INC.
(346 SE2d 6)

CARLEY, Judge.

On May 9, 1984 appellant filed a complaint in the Superior Court of Fulton County naming appellee as defendant and alleging that on May 5, 1982 appellant was injured as a result of appellee's failure to maintain its premises in a safe condition. In response to the complaint appellee filed an answer which included an affirmative defense asserting that the complaint had not been brought within the time allowed by the applicable statute of limitations. Appellee also filed a motion to dismiss based upon the statute of limitations. Appellant

amended her complaint to allege that the injury she sustained occurred on May 10, 1982. Subsequently, the trial court entered an order granting appellee's motion to dismiss based upon the statute of limitations and appellant appeals from that order.

If as appellant's amended complaint alleges, the incident which is the basis of the complaint occurred on May 10, 1982, the complaint was timely filed because under OCGA § 9-11-15 (c) the amendment relates back to the date of the original pleading. "The important thing to remember is that under the CPA a party is to be given notice and the opportunity to amend defective pleadings where such notice will facilitate decision on the merits. The CPA does not penalize a party irrevocably for one misstep in pleading." *McDonough &c. Co. v. McLendon &c. Co.*, 242 Ga. 510, 515 (250 SE2d 424) (1978). The ruling of the trial court on the motion to dismiss was based solely upon the apparent typographical error in the original complaint. Under the CPA, the averment of the amended complaint that the incident which is the basis of appellant's claim occurred on May 10, 1982 stands denied. OCGA § 9-11-8 (d). *Building Assoc. v. Crider*, 141 Ga. App. 825 (1) (234 SE2d 666) (1977). Thus, the issue as to when the incident actually occurred is one of fact. If appellee contends that appellant's claim arose more than two years prior to the filing of the original complaint, it can offer evidence in support of this contention. Therefore, appellee " 'will not be deprived of any protection which the . . . statute of limitations was designed to afford [it]. Being able to take advantage of [appellant's] pleading mistakes is not one of these protections. [Cit.]" *Gordon v. Gillespie*, 135 Ga. App. 369, 375 (217 SE2d 628) (1975). The effect of the trial court's ruling on the motion to dismiss is to "penalize [appellant] irrevocably for one misstep in pleading." This puts form over substance and cannot be allowed. See also *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732 (307 SE2d 530) (1983).

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 30, 1986.

*Kenneth J. Rajotte*, for appellant.
*Thurbert E. Baker*, for appellee.