## A00A2562. REESE v. CITY OF ATLANTA et al.
(545 SE2d 96)

BLACKBURN, Chief Judge.

Donald Reese appeals the trial court's order which dismissed his claims against the City of Atlanta and its police officer, E. B. Lane. Reese sued the City and Lane, alleging that he had been falsely arrested and imprisoned by Lane, who apprehended him for scalping tickets at an Atlanta Falcons football game. Reese's arrest occurred on October 27, 1996, and his complaint was stamped "Filed" in the clerk's office on October 28, 1998, although it was received in the clerk's office on October 27, 1998. Contending that the lawsuit had not been filed within the applicable statute of limitation, the City and Lane moved for judgment on the pleadings. The trial court granted the motion. For the reasons that follow, we reverse.

In this appeal, the sole issue is whether Reese's complaint was timely filed. Reese's complaint was stamped as filed on October 28, 1998. Generally, the date stamped on a filing by the clerk is deemed the date of filing. See *Lavan v. Philips*.[1] Also, as a general rule, one who selects the United States Postal Service or another agency to transmit a complaint to the clerk assumes all the risks usually incident to the business of mail delivery, if the material is not timely received. See *State of Ga. v. Jones*.[2] It is the date of delivery to the clerk's office that constitutes the date of filing, even if the clerk erroneously stamps a later date as the filing date. *Lavan*, supra. In fact, we have held previously:

> The actual date of filing is the date upon which the paper is handed to the clerk to be filed. [Cits.] The clerk's endorsement as to the date of filing is the best evidence of the filing of such paper, and is presumed correct as long as it is not challenged. [Cit.] However, the clerk's endorsement is not a necessary prerequisite to filing, but only evidence of delivery of the paper intended to be filed to the clerk. [Cit.] So, where a pleading has been delivered for filing to the clerk, it will be

---

[1] *Lavan v. Philips*, 184 Ga. App. 573 (362 SE2d 138) (1987).
[2] *State of Ga. v. Jones*, 125 Ga. App. 361, 363-364 (187 SE2d 902) (1972).

deemed filed even though that officer fails to make the proper entry of filing thereon. [Cits.]

(Punctuation omitted.) *Lavan*, supra at 573-574.

Reese's counsel testified that on October 26, 1998, he had forwarded via Federal Express the original complaint and one copy addressed to the clerk of the superior court, Juanita Hicks. According to counsel's uncontroverted testimony, he obtained written confirmation from Federal Express documenting that the delivery had, in fact, occurred on October 27, 1998. Filed with counsel's affidavit were two exhibits indicating that on October 26, 1998, counsel had sent a package which contained the complaint, by Federal Express and marked "Priority Overnight (Next business morning)." A Federal Express tracking document showed that delivery to the clerk's office had occurred on October 27, 1998, at 10:05 a.m., and that the package had been signed for by an employee. The complaint contained therein was not stamped "Filed" by the clerk's office until October 28, 1998.

Evidence shows that the complaint timely reached the clerk's office and was signed for early in the morning on October 27, 1998. No explanation appears in the record as to the cause of the delay by the clerk's office in date-stamping the complaint. See *Jefferson v. State*.[3] The clerk's endorsement of October 28, 1998, did not accurately reflect the actual filing date of October 27, 1998. See *Lavan*, supra at 575. The evidence establishes that the complaint was actually filed October 27, 1998, and the trial court erred in holding otherwise.

Reese's claims for false arrest and false imprisonment had to be filed within the statute of limitation for personal injuries. *Campbell v. Hyatt Regency*.[4] OCGA § 9-3-33 requires that such actions "shall be brought within two years after the right of action accrues." Before the law was amended in 1985, a personal injury action was barred when filed on the second anniversary of the injury. *Davis v. DESA Intl.*[5] In 1985, however, the legislature amended OCGA § 1-3-1 (d) (3) to provide that " 'when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted.' " *Davis*, supra. Applying this standard of computation of time in this case, it was timely filed on the second anniversary of the event, October 27, 1998.

Notwithstanding the amendment to OCGA § 1-3-1 (d) (3), in the

[3] *Jefferson v. State*, 216 Ga. App. 442 (1) (454 SE2d 632) (1995).
[4] *Campbell v. Hyatt Regency*, 193 Ga. App. 542, 543 (3) (388 SE2d 341) (1989).
[5] *Davis v. DESA Intl.*, 209 Ga. App. 318 (433 SE2d 410) (1993).

order dismissing the case, the trial court found:

> Plaintiff alleges that he was frisked, handcuffed, and arrested on October 27, 1996; therefore, he would have had to file his claims for false arrest and false imprisonment on or before October 26, 1998. *Lowe v. Pue*, 150 Ga. App. 234 [(257 SE2d 209)] (1979). Likewise, Plaintiff's claim for malicious prosecution is barred because the charge against him was dismissed on October 28, 1996, so he would have had to file his complaint by October 27, 1998. Because Plaintiff's complaint was stamped as filed on October 28, 1998, the Court finds that his claims are barred by the statute of limitations.

In light of the 1985 amendment to OCGA § 1-3-1 (d) (3) and subsequent case law, the court's computation was in error, and Reese's claims were timely filed. See *Davis*, supra; *Day v. Burnett*.[6] See also *Mitchell v. Hamilton*.[7] Because Reese had until October 27, 1998, to file his complaint, it was timely. *Weems v. Munson Transp.*[8]

The trial court also erred in dismissing the claim for malicious prosecution. The two-year period of limitation on the malicious prosecution claim began to run from October 28, 1996, the date on which the magistrate dismissed the criminal trespass charge. *Waters v. Walton*.[9] A malicious prosecution action must be brought within two years after termination of the underlying prosecution in plaintiff's favor. Dismissal of an arrest warrant by a magistrate constitutes termination of the prosecution favorable to plaintiff. Id.

Under OCGA § 9-11-15 (c), a party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. When the claim asserted in the amended pleading arises out of the same conduct asserted in the original pleading, the amendment relates back to the original pleading. *Smith v. Wilfong*.[10] Here, Reese amended his original complaint to add a claim arising out of the same incident. Since Reese filed the amendment to his complaint before the entry of a pretrial order and before the order dismissing the action, it relates back to the date of filing and is not barred by the statute of limitation. Id. See also *Wilson v. Commercial Cold Storage*.[11]

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

---

[6] *Day v. Burnett*, 199 Ga. App. 494, 495 (1) (405 SE2d 316) (1991).
[7] *Mitchell v. Hamilton*, 228 Ga. App. 850 (1) (493 SE2d 41) (1997).
[8] *Weems v. Munson Transp.*, 210 Ga. App. 766, 767 (1) (437 SE2d 640) (1993).
[9] *Waters v. Walton*, 225 Ga. App. 119, 120 (483 SE2d 133) (1997).
[10] *Smith v. Wilfong*, 218 Ga. App. 503, 505 (1) (462 SE2d 163) (1995).
[11] *Wilson v. Commercial Cold Storage*, 179 Ga. App. 260, 261 (346 SE2d 6) (1986).

Decided January 25, 2001.

*William J. Wright*, for appellant.
*Tuwanda R. Williams*, for appellees.