**FOURTH DIVISION**
**MERCIER, C. J.,**
**DILLARD, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 27, 2025**

# In the Court of Appeals of Georgia

A25A0843. S. T. C., INC. v. RALPH + RITA VENTURE, LLC.

DILLARD, Presiding Judge.

Ralph + Rita Venture, LLC filed a successful dispossessory action against its tenant, S. T. C., Inc.,[1] in the magistrate court. STC appealed that judgment to the Superior Court of Fulton County, but it was dismissed as untimely. STC now argues the trial court abused its discretion in failing to grant it relief under Uniform Superior Court Rule 36.16 (F) and a superior court standing order because there was a technical problem in the court's e-filing system that delayed its filing of the petition for review.[2]

---

[1] For the sake of clarity and convenience, we refer to Ralph + Rita Venture, LLC as "RRV" and S. T. C., Inc. as "STC."

[2] STC also argues that several statutes authorized the trial court to backdate the filing of its petition to make it timely. But the trial court did not address the applicability of these statutes, and "[i]ssues which have not been ruled on by the trial

For the following reasons, we vacate the trial court's judgment and remand the case with direction.

The facts are essentially undisputed. The record shows RRV filed the dispossessory action in the magistrate court on October 13, 2023. After a hearing, the court entered an order ruling in RRV's favor. The order aptly cautioned STC that if it wished to appeal to the superior court under OCGA § 44-7-56, it must do so within seven days.[3] Even so, STC's petition for review was not stamped as filed by the superior court's clerk of court until October 23, 2023—*ten* days after the magistrate court entered its order.

A few days later, on October 27, 2023, RRV moved to dismiss STC's petition for review as untimely. STC responded, alleging that "[d]ue to a series of system and processing errors at the [superior court's] [c]lerk's [o]ffice, the date entered on the

---

court may not be raised on appeal." *See Ga. Dep't of Nat. Res. v. Coweta Cnty.*, 261 Ga. 484, 485 (405 SE2d 470) (1991). Regardless, given that other authority provided the trial court with discretion to grant the relief sought by STC, we need not address these statutes separately.

[3] *See* OCGA § 44-7-56 (b) (1) ("An appeal made pursuant to subsection (a) of this Code section shall proceed as follows : . . . A copy of the petition for review filed in the reviewing *superior or state court* or the notice of appeal *shall* be filed with the clerk of the trial court within *seven days* after the date the judgment was entered in the trial court." (emphasis supplied)).

docket for the [p]etition is incorrectly entered as October 23, 2023, instead of the actual filing date of October 20, 2023." And in support, STC submitted an affidavit executed by its attorney, Alcide Honore, detailing his efforts to timely file the petition on October 20, 2023. Honore stated that he went to the superior court in person on Friday, October 20, 2023—the seventh day after the magistrate court's order was issued—to file the petition for review. In doing so, Honore "registered for an appointment at the electronic kiosk located in the [c]lerk's office and . . . was seen shortly thereafter."

But according to Honore, the Clerk's filing system "was down and unable to accept new filings," so he "was unable to obtain a case number, which can ordinarily be obtained upon filing." So, in an attempt to meet the filing deadline, he electronically filed the petition the same day while still at the Clerk's office, but "based on the system issues they were experiencing, the Clerk's office staff was also unable to retrieve the filing from the queue to generate a case number." Even so, Honore received a "filing receipt and envelope number, and [his] filing was placed in the queue."

The following Monday, October 23, 2023, Honore returned to the Clerk's office to check on the status of his filing. And after seeing that a case number had not yet been issued, the clerk "filed another [p]etition in [the] office on [his] behalf to make sure a case number would populate . . . ." But according to Honore, "yet another system issue prevented the Clerk from issuing a case number on October 23 . . . ."

On Tuesday, October 24, 2023, the clerk issued a case number for the petition, but Honore claims it reflected an erroneous filing date of October 23, 2023, instead of the actual filing date—October 20, 2023. And that same day, Honore received a notification from the court's e-filing system—Odyssey e-FileGa ("Odyssey")—that his e-filed *October 20* petition had been returned. The email also noted the "Returned Reason" as "Rejected." Then, in a section labeled "Return Comments," the email stated: "This case was *submitted in person*. The case number is 2023cv387490."[4] Upon

---

[4] (Emphasis supplied).

receiving this notification, Honore contacted the clerk's office and "discuss[ed] the matter with [its] staff," who "apologized and indicated that they were unable to alter the docket since the case number had already been entered and that the [superior court] would have to correct the docket to show the correct filing date."

Approximately a year later, on October 7, 2024, the trial court issued an order granting RRV's motion to dismiss STC's petition for review as untimely. In doing so, the superior court acknowledged Honore received a confirmation email notification of a "filing submitted" on October 20, but noted that under the court's standing order regarding e-filings, the email "shall *not* serve as proof the E-Document was *filed*, only that the E-document was *submitted for filing*."[5] The trial court also noted: "[T]he Clerk of Court represents there is *no electronic record* of a filing from Attorney Honore in this case on October 20, 2023, *including rejected filings*."[6] As a result, the superior court credited the file-stamp date of October 23, 2023, ruled STC's petition for review was untimely, and dismissed it. This discretionary appeal follows.

---

[5] (Emphasis supplied).

[6] (Emphasis supplied).

We review for an abuse of discretion a trial court's decision on timeliness,[7] as well as its ruling on whether to backdate filings;[8] but we review *de novo* any questions of law inherent in those decisions.[9] With these guiding principles in mind, we turn now to STC's claim of error.

Given its attorney's attempt to timely file a petition for review *and* that his inability to do so was only because of technical problems with the court's filing system, STC maintains the trial court erred in failing to exercise its discretion to find the petition was timely. More precisely, it alleges the trial court had discretion to do

---

[7] *See West v. Miller*, 366 Ga. App. 192, 193 (879 SE2d 830) (2022) (noting that we review a trial court's ruling on a motion to dismiss for abuse of discretion); *see, e.g.*, *Kroger v. Taylor*, 320 Ga. App. 298, 298 (739 SE2d 767) (2013) ("Whether a motion to intervene is timely is a decision entrusted to the sound discretion of the trial court." (punctuation omitted)).

[8] *See Dannenfelser v. Squires*, 365 Ga. App. 819, 822 (1) (879 SE2d 506) (2022) ("A trial court has broad discretion to correct clerical errors including a clerk's failure to mark a document as filed on the date that document is actually delivered to the clerk." (punctuation omitted)); *Barbour v. Sangha*, 346 Ga. App. 13, 15 (2) (815 SE2d 228) (2018) (same).

[9] *See West*, 366 Ga. App. at 193 (explaining that we we review *de novo* any questions of law inherent in a trial court's ruling on timeliness); *Ga. Transmission Corp. v. Worley*, 312 Ga. App. 855, 856 (720 SE2d 305) (2011) ("[T]he standard of review for a question of law on appeal is de novo." (punctuation omitted)).

so under Uniform Superior Court Rule 36.16 (F) and a standard order addressing e-filings. And because the trial court discounted material evidence presented below, we vacate its judgment and remand the case for reconsideration in light of such evidence.

Uniform Superior Court Rule 36.16 (F) provides: "If electronic filing or service is prevented or delayed because of a *failure of the electronic filing system*, a court will enter appropriate relief such as the allowance of filings nunc pro tunc or the provision of extensions to respond."[10] Similarly, the superior court standing order provides:

> If E-filing or E-service of an E-document does not occur because of (1) inaccessibility of eFileGA [*i.e.*, Odyssey] *not caused by the filer*; (2) an error in the transmission of the E-Document to eFileGA which was unknown to the sending party; (3) a failure to timely process the E-Document when received by eFileGA; or (4) *other technical problems experienced by the filer*, the Court may upon satisfactory proof enter an order permitting the E-Document to be filed *nunc pro tunc* to the date it was first attempted to be transmitted electronically.[11]

---

[10] (Emphasis supplied).

[11] Superior Court of Fulton County, *Standing Order Regarding Electronic Filing for Civil cases*, Section (6) (D) (Oct. 12, 2018) (emphasis supplied), *available at* https://www.fultonsuperiorcourtga.gov/sites/default/files/efile/2018_Standing_Order_Civil_efiling.pdf.

So, the Uniform Superior Court Rules and a superior court standing order contemplate that an electronic filer may experience technical problems with the e-filing system that prevents timely filing through no fault of the filer. And to remedy this potential problem, the rules and standing order both provide that the superior court should (or at least may)—upon presentation of sufficient evidence—backdate filings in such circumstances.

Here, STC submitted an affidavit from Honore stating that he tried to file the petition the day it was due in person, but technical problems at the superior court clerk's office prevented him from doing so either in person or electronically and kept him from obtaining a case number. When Honore followed up the *next* business day after the deadline, the clerk's office officially filed the petition, stamping it with a filing date of October 23, 2023—three days after the deadline expired. And to corroborate his version of events, Honore presented his email confirmation from Odyssey that the October 20, 2023 e-filing was rejected because the petition "*was submitted in person.*"[12] The email from the court's filing system specifically stated that

---

[12] (Emphasis supplied).

the "Date/Time Submitted" was "10/20/2023" at "3:53 PM EST."[13] The trial court did not explain why this email from the e-filing system is not proper proof of filing.

As mentioned above, Uniform Superior Court Rule 36.16 (F) provides that if an electronic filing or service is "prevented or delayed *because of a failure of the electronic filing system*, a court *will* enter appropriate relief such as the allowance of filings nunc pro tunc or the provision of extensions to respond."[14] And under the trial court's standing order, when a litigant is unable to file a document due to technical difficulties, the court may—upon satisfactory proof being presented—enter an order permitting the e-document to be filed *nunc pro tunc* to the date it was first attempted to be transmitted electronically.[15]

Significantly, while the endorsement of the clerk as to the date of filing is "the best evidence of the filing of such paper[,] . . . this is *not* necessary to the act of filing."[16] And although there is certainly a "presumption of law that the entry of filing

---

[13] (Emphasis supplied).

[14] (Emphasis supplied).

[15] *See supra* note 10 & accompanying text.

[16] *Dannenfelser*, 365 Ga. App. at 822 (1) (punctuation omitted) (emphasis supplied); *see Reese v. City of Atlanta*, 247 Ga. App. 701, 701 (545 SE2d 96) (2001) ("The clerk's endorsement as to the date of filing is the best evidence of the filing of

9

by the clerk is correct, . . . this presumption is rebuttable by *evidence showing another date of delivery.*[17] Instead, the actual date of filing is "the date upon which the paper is *handed to the clerk to be filed.*"[18]

Here, we are not presented with a situation in which the filing was submitted through the mail or remotely via Odyssey. Instead, there is *undisputed* evidence that Honore submitted the filing on October 20, 2023, *in person at the Clerk's Office*. And the trial court did not explain why an email sent to an attorney from the court's own

---

such paper, and is presumed correct as long as it is not challenged. . . . However, the clerk's endorsement is not a necessary prerequisite to filing, but only evidence of *delivery of the paper intended to be filed* to the clerk." (punctuation omitted) (emphasis supplied)).

[17] *Dannenfelser*, 365 Ga. App. at 822 (1) (punctuation omitted) (emphasis supplied); *see H. R. Lee Inv. Corp. v. Groover*, 138 Ga. App. 231, 232 (2) (225 SE2d 742) (1976) ("The entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown. This presumption may be rebutted, however, by proof of delivery for filing to the clerk on a different day." (citation omitted)).

[18] *Dannenfelser*, 365 Ga. App. at 822 (1) (punctuation omitted); *see Reese*, 247 Ga. App. at 701 ("It is the date of delivery to the clerk's office that constitutes the date of filing, even if the clerk erroneously stamps a later date as the filing date.").

electronic filing system indicating that a filing was made in person on a particular date was not proper evidence of the date of filing. Needless to say, if such a communication from the court is irrelevant, it is hard to imagine what kind of evidence would be relevant.

We are unpersuaded, then, that the foregoing evidence is not proper proof of filing; and the trial court did not explain why it found otherwise.[19] As a result, we

---

[19] *See Reese*, 247 Ga. App. at 702 (holding that the trial court erred in finding that a filing was untimely when evidence showed the clerk of court received and signed for the filing before the deadline, counsel provided (along with an affidavit) a tracking document from Federal Express showing that the clerk received the filing on time, and no explanation was given as to why there was a delay by the clerk's office in time-stamping the filing); *Lavan v. Philips*, 184 Ga. App. 573, 574 (362 SE2d 138) (1987) (holding that the trial court erred in not considering a complaint timely when there was "direct testimony" showing that the delay was caused by the office of the clerk closing on a weekday that was not a legal holiday (*i.e.*, Christmas Eve)); *see also Dannenfelser*, 365 Ga. App. at 822 (1) (holding that the trial court had discretion to revert the filing date such that it was timely when plaintiff filed the document on time, but it was "returned for re-filing because of a discrepancy in the amount charged for service on the actual number of defendants, and counsel cured the defect by paying the fee immediately"). *Cf. H. R. Lee Inv. Corp.*, 138 Ga. App. at 232 (2) (holding that, even if the appellant could rebut the presumption that the motion was filed on the date marked by the clerk, he could not show that it was filed by the deadline, and unlike this case, his attorney also miscalculated the date by which must be filed).

vacate the trial court's dismissal of STC's appeal as untimely and remand the case for it to reconsider its order in light of this undisputed, relevant evidence.[20]

*Judgment vacated and case remanded with direction. Mercier, C.J., and Land, J., concur.*

---

[20] *See Beyond Meat, Inc. v. Don Lee Farms*, 358 Ga. App. 77, 81 (1) (853 SE2d 667) (2021) (vacating a trial court order and remanding the case for reconsideration when the trial court's findings were unsupported by the record); *State v. Wood.*, 338 Ga. App. 181, 188 (4) (790 SE2d 84) (2016) (vacating the trial court's order and remanding the case because the trial court made a "factual error" that must be reconsidered).